## ATTORNEY GENERAL *vs.* MAYOR AND ALDERMEN OF NORTHAMPTON.

Suffolk.    Nov. 11, 1886. — Feb. 24, 1887.    HOLMES & GARDNER, JJ., absent.

Certiorari does not lie to quash the proceedings of the municipal authorities of a city in appointing a police officer, in alleged violation of the rules established by the St. of 1884, *c.* 320, for the improvement of the civil service of the Commonwealth.

PETITION, filed April 12, 1886, by the Attorney General, at the relation of the civil service commissioners of the Commonwealth, appointed under the St. of 1884, *c.* 320, for a writ of certiorari to quash the proceedings of the respondents in the matter of the appointment of a police officer of Northampton, said appointment being alleged to be in violation of the rules prepared by said commissioners.

The case was heard by *W. Allen*, J., and reserved for the consideration of the full court.

*E. J. Sherman*, Attorney General, and *H. N. Shepard*, Assistant Attorney General, for the petitioner.

*T. G. Spaulding*, for the respondents.

MORTON, C. J.    We are of opinion that the petitioner has mistaken his remedy in this case.    As was stated by Chief Justice Gray in *Locke* v. *Selectmen of Lexington*, 122 Mass. 290, " A writ of certiorari lies only to correct the errors and restrain the excesses of jurisdiction of inferior courts or officers acting judicially."    It lies to correct the errors of inferior courts, or judicial officers, acting in proceedings not according to the course of the common law, and where errors cannot be corrected by appeal, or exceptions, or by a writ of error. *Lynch* v. *Crosby*, 134 Mass. 313.

Thus, it is the proper remedy to revise the proceedings of county commissioners, or of city councils, or of boards of aldermen, when they act in matters like the laying out of highways, or making assessments for sewers or other improvements.    The reason is that, in such matters, they act judicially, and not merely as ministerial or executive officers. *Parks* v. *Boston*,

8 Pick. 218. *Fay, petitioner,* 15 Pick. 243. *Robbins* v. *Lexington,* 8 Cush. 292. *Dwight* v. *City Council of Springfield,* 4 Gray, 107. *Lowell* v. *County Commissioners,* 6 Allen, 131. *Farmington River Water-Power Co.* v. *County Commissioners,* 112 Mass. 206. *Powers* v. *City Council of Springfield,* 116 Mass. 84. *Snow* v. *Fitchburg,* 136 Mass. 179. Numerous other cases might be cited, and they all go to show that the uniform rule in this Commonwealth is, as we have stated above, that certiorari will only lie to revise the proceedings of tribunals or officers acting in a judicial capacity.

The appointment of police officers by the municipal authorities of a city cannot in any just sense be called a judicial proceeding. It is an important duty, and, like most administrative duties, involves the exercise of judgment and discretion; but it is administrative, and not judicial, in its character. No one has the right to be heard, and their decision is not, within the meaning of the law, an adjudication or judicial determination of any question or of the rights of any parties. *Opinion of Justices,* 138 Mass. 601.

We are therefore of opinion that certiorari is not the proper remedy. In this proceeding, it would not be in our power to afford the redress which the petitioner asks.

*Petition dismissed.*