J. E. ETZLER, *Plaintiff in Error,* v. W. LESLEY BROWN *et al.*, CONSTITUTING THE CITY COUNCIL OF THE CITY OF TAMPA, FLORIDA, *Defendants in Error.*

1. Mandamus is the proper proceeding to test the validity of the action of a city council in expelling from office a member of the council. In such an action the court will consider the entire proceeding of the council, including the issues in effect made and the testimony taken before the council as shown by the alternative writ. If the proceedings were illegal or fatally defective or if the testimony wholly fails to support the charges made, the court will order the officer restored.

2. Where no particular procedure is prescribed by which a city council may exercise its power to expel an officer of the city, such proceedings should be had as will give the person charged an opportunity to be heard in defense of any charges made against him for which he may be expelled. If the charges made warrant expulsion, and there is legal evidence in support of the charges, and the person has had reasonable opportunity to defend, action taken by the requisite vote of the council in expelling a member of the council will not be disturbed by mandamus proceedings.

3. One entrusted with official power, who violates his public obligation and betrays his official trust by selling his official influence or vote in a body of which he is a member, is guilty of malconduct in office.

4. Malconduct in office, like misconduct in office, includes such acts as amount to a breach of the good faith and right action that are impliedly required of all officers.

5. In expelling a member of its body a city council does not convict of a crime and it is not essential that the strict rules of criminal procedure be observed. Where no injury appears to have been done an expelled officer it is not necessarily illegal for the council while in executive session considering the action to be taken, to receive and read reports of a detective used in the case, when the action taken was publicly done and duly recorded.

6. A charge that in effect alleges that a member of a city council agreed for a consideration to aid in securing a valuable contract with the city through a constituted board of the city and to secure an increase in the appropriation for the purposes of the contract to unduly increase the profits, sufficiently sets forth conduct amounting to "disorderly behavior and malconduct in office" for which such officer may be expelled under the statute; and where there is evidence to sustain the charge and no illegality appears in the proceedings of expulsion the courts will not interfere by mandamus.

This case was decided by Division A.

Writ of Error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*Wall & McKay,* for Plaintiff in Error;

*W. R. Rowland* and *C. C. Whitaker,* for Defendants in Error.

WHITFIELD, C. J.—The plaintiff in error obtained from the Circuit Court for Hillsborough County, an alternative writ of mandamus commanding the City council of the City of Tampa to restore relator to his office as councilman of the City of Tampa from which he had been expelled by the council, or to show cause for not doing so. A motion to quash the alternative writ was granted and the proceeding dismissed. The relator took writ of error and urges that he was illegally expelled from his office and should be restored.

Briefly stated the alternative writ in effect alleges that the relator was duly elected, qualified and acting as coucilman, his term not expiring till June, 1910; that certain charges of alleged malconduct in office were made to the council against him; that the council unanimously adopted a resolution suspending relator "until after the hearing and investigation by this council of the charges now pending against him," and providing "for a hearing in a body of the said charges now pending against councilman James E. Etzler, with all the testimony bearing upon the same;" that another resolution setting forth designated specifications of the charges against relator was adopted by the council and served on the relator; that after striking a plea in abatement and also denying motion to strike

designated portions of the resolution adopted by the council and to quash certain of the specifications of malpractice in office, the council took testimony as set out in the alternative writ; that the controversy was by agreement submitted without argument; "that thereupon the council retired in executive session to consider what action they should take, and while in executive session, without knowledge of the said petitioner or his attorney, the council received the daily reports made by the detective North mentioned in the said proceedings, and that some of the members of the council read at least a portion of the said reports; and that afterwards, to-wit: on the same evening, the Council returned in open session and reported their findings in the form of a resolution introduced by T. B. Smith, which said resolution is as follows, to-wit:

Whereas, certain charges have been preferred against J. E. Etzler, a member of the City Council of Tampa, on the 9th day of October, 1908;

And whereas said J. E. Etzler has been given a hearing upon said charges;

And whereas upon said hearing testimony has been submitted both for and against said charges;

And whereas, the City Council of Tampa having found that said charges have been proven to be true, and it being the opinion of two-thirds of the members of the City Council that said charges constitute mal-conduct in office on the part of the said J. E. Etzler, City Councilman of the City of Tampa.

Therefore, Be It Resolved that the said J. E. Etzler as aforesaid be and he is hereby expelled from and as a member of the City Council of Tampa.

And that thereupon council for the petitioner demanded that the roll be called upon said resolution, whereupon Councilman Friend moved that said resolution be adopted, and the same having received a second, it was put to a

vote, and said resolution was adopted by a vote of eight yeas and two nays."

"That the expulsion of the said J. E. Etzler from the said City Council was unlawful, illegal and in violation of Law, and that the said respondents, in pursuance of said illegal and unlawful expulsion are now withholding from him his said office of Councilman from the Fourth Ward of the said City of Tampa, with its privileges, duties and emoluments."

Mandamus is the proper proceeding to test the validity of the action of a city council in expelling from office a member of the council. In such an action the court will consider the entire proceeding of the council, including the issues in effect made and the testimony taken before the council as shown by the alternative writ. If the proceedings were illegal or fatally defective or if the testimony wholly fails to support the charges made, the court will order the officer restored. See State *ex rel.* Donnelly v. Teasdale, 21 Fla. 652; Scott v. State *ex rel.* Grothe, 43 Fla. 396, 31 South. Rep. 244.

Section 1012 of the General Statutes provides that "two-thirds of the council may expel a member of the same or other officer of the city or town for disorderly behavior or malconduct in office."

No particular procedure is prescribed by which the council may exercise its power to expel an officer of the city, but such proceedings should be had as will give the person charged an opportunity to be heard in defense of any matters alleged against him for which he may be expelled. If the matters alleged warrant expulsion, and there is legal evidence in support of the charges, and the person has had reasonable opportunity to defend, action taken by the requisite vote of the council in expelling a member of the council will not be disturbed by mandamus proceedings.

15—Vol. 58.

The Court will determine whether the charges made and considered would if proven amount to "disorderly behavior or malconduct in office."

"One who is entrusted with official power, violates his public obligation, betrays his official trust, and loses the public confidence by selling his official influence or vote in a body of which he is a member, is guilty of disorderly conduct" in office. State *ex. rel.* Tyrrell v. Common Council of Jersey City, 25 N. J. L. 536; State *ex rel.* Donnelly v. Teasdale, 21 Fla. 652.

Malconduct in office, like misconduct in office, includes such acts as amount to a breach of the good faith and right action that are tacitly required of all officers. See 3 Words & Phrases, 4296 and 4532.

The charge here is in effect that the relator agreed for a consideration to aid in securing a valuable contract with the City of Tampa through a constituted board of the City, and to secure an increase in the appropriation for the purposes of the contract to unduly increase the profits. There is evidence to sustain the charge and it is clear that such conduct was both "disorderly behavior and malconduct in office" within the meaning of the statute under which the expulsion was had.

In refusing to rescind or to strike out a resolution or parts of a resolution and in striking a plea in abatement relating to the charge and the proceedings to be had thereon, no provision or principle of law was violated by the council, and no injury to the relator appears.

Even if while in executive session considering what action to be taken the council received the daily reports of a detective used in the case, and some of the members read at least a portion of said reports, such a course is not *per se* illegal or even reprehensible, and it does not appear that the result was thereby affected or the relator

injured.  The action taken by the council was publicly done and so recorded.

The council was not trying the relator for the purpose of convicting him of a crime and the strict rules of criminal procedure were not essential where no substantial rights of the relator were denied to him.

The mere fact that an ordinance of the city provides that members of the city council shall not be directly or indirectly interested in any contract with the city, and that they may be suspended from office for that cause, does not render that the only cause for which an expulsion may be had under the statute for "disorderly behavior or malconduct in office."

The adoption by a city council of different resolutions upon a subject for which a member of the council may be expelled is not twice placing of the person charged in jeopardy.  Nor is a provision in a resolution that if the charges are proven the relator is guilty of disorderly behavior and malconduct in office and should be expelled, a prejudgment of the charge referred to.

No illegality appears in the proceedings, and as the charge made warranted expulsion and is supported by competent evidence, the finding of the council upon the evidence should not be disturbed on this proceeding.  No fundamental principle of law affecting the rights of the relator appears to have been violated in the action of the council expelling him from his office as a councilman, and the order of the court dismissing the mandamus proceeding is affirmed.

SHACKLEFORD and COCKRELL, JJ., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.