FRANK H. OWENS, PRESIDENT, *et al.*, *Plaintiffs in Error*, v. JOHN S. BOND, CHAIRMAN, *et al.*, *Defendants in Error*.

Opinion Filed April 6, 1922.

1. The action of the city council or city commission of the City of Jacksonville in approving or rejecting the act of the Mayor in suspending a person occupying the position of Chief of Police, is not a judicial or a quasi-judicial function.

2. The power of removal vested in the executive department of government is an administrative act, and where the power of approval or rejection of the action of the executive, is placed in a legislative body, it does not thereby lose its administrative character.

3. The writ of prohibition will not lie to prevent a legislative or administrative branch of a city government from approving or rejecting the suspension of a city officer by the mayor, as such action is not a judicial or quasi-judicial function.

A Writ of Error to the Circuit Court for Duval County; George Couper Gibbs, Judge.

Judgment reversed.

*George M. Powell* and *John W. Dodge*, for Plaintiffs in Error;

*P. H. Odom*, for Defendant in Error.

BROWNE, C. J.—This case is here on writ of error from the order of the Judge of the Fourth Judicial Circuit granting a peremptory and absolute writ of prohibition against certain persons comprising the members of the

City Council, of Jacksonville, "prohibiting them from exercising jurisdiction to try Frederick C. Roach, as Chief of Police of the City of Jacksonville, for suspension upon the charges preferred against him by John W. Martin as Mayor of the City of Jacksonville."

Section 3 of Chapter 8281, Special Acts of the Legislature of Florida of 1919, vests in the Mayor power "to suspend any city officer for misconduct in office or neglect of duty, reporting his action with his reasons therefor in writing to the next meeting of the City Council for its approval or rejection." Acting under this provision of law, the Mayor suspended Frederick C. Roach as Chief of Police of the City of Jacksonville and "reported his action with his reasons therefor in writing * * * to the city council for its approval or rejection."

Although we find in the advisory opinion of the city attorney to the council, the expression that it "could not legally act as a trial commission," and a motion by one of the councilmen that the matter be referred to the "committee of officers and police, that committee to hold a public trial previous to Friday night," there is nothing in the statute to warrant the designation of the action of the council in "approving or rejecting" the action of the Mayor in suspending a city officer, as "a trial" in the sense of it being even a quasi-judicial proceeding.

From the view we take of this case we abstain from passing upon other questions raised, because if the writ of prohibition will not lie to prevent the city council from "approving or rejecting" the action of the Mayor in suspending an officer, it follows that anything we may say upon the other questions would be *obiter dicta* and not binding upon this or any other court.

The only provision of the constitution conferring judicial power on municipal officers is "The legislature may establish in incorporated towns and cities, courts for the punishment of offences against municipal ordinances." Sec. 34, Art. V.

It is sought by defendants in error to bring the functions of the city council in approving or rejecting the action of the Mayor in suspending an officer, within the evasive term, "quasi-judicial," and it is urged that if the limitations heretofore placed upon the writ of prohibition be not sufficiently elastic to cover the case under consideration, it further stretched and extended so as to include it. This we are not prepared to do.

It would be beyond our province in this proceeding to determine whether the city council or the city commission of the City of Jacksonville was the proper body to approve or reject the action of the Mayor in suspending the Chief of Police.

What we must first decide is, was this function whether exercised by either of these bodies judicial or even quasi-judicial? The fact that the joint action of the Mayor and either the city council or the city commission is necessary before an officer may be suspended or discharged, does not make the action of these bodies quasi-judicial, any more than any action taken by them on any other matter upon which they may consider it expedient to be further advised by testimony or otherwise, before final action.

The action of the city council or city commission in approving or rejecting the act of the mayor in suspending the chief of police, was no more a judicial or quasi-judicial function, than the act of the mayor in suspending him.

The proceeding provided for by the charter is analogous to that of the suspension by the Governor of an officer not subject to impeachment. The constitution provides, "All officers that shall have been appointed or elected, and that are not liable to impeachment, may be suspended from office by the Governor, * * * and the cause of suspension shall be communicated to the officer suspended and to the Senate at its next session. * * * Every suspension shall continue until the adjournment of the next session of the Senate. * * * If the Senate shall refuse to remove, or fail to take action before its adjournment, the officer suspended shall resume the duties of the office." Sec. 15, Art. IV Constitution of Florida.

When the Senate considers a suspension from office made by the Governor, it usually appoints a committee with power to take testimony, summon witnesses, give the suspended officer an opportunity to be heard, and in executive session determines whether the action of the Governor shall be approved or rejected.

Will it be seriously contended that when the Senate is considering such a suspension that it is exercising judicial or quasi-judicial functions and could be restrained by the writ of prohibition?

The authorities are divided on the question of the power of the courts to restrain by the writ of prohibition municipal officers and boards, other than those vested with judicial powers.

The tendency of some courts is to so extend the use of the writ of prohibition as to regulate the activities of all commissions, boards and officers whose duty it is to be advised and to form an opinion on information so derived, before acting. Those courts that have extended the use

of this ancient writ far beyond its common law scope and purpose, do so upon the doctrine laid down in the case of People v. Jerome, 73 N. Y. Supp. 306: "The exercise of judicial functions is not confined to judges. The act of every public official is either ministerial or judicial. A purely ministerial duty is one to which nothing is left to discretion. Where the officer is clothed with discretionary powers, and is required to act upon his own judgment, the act is a judicial one."

This court is committed to a contrary doctrine laid down in State v. Atlantic Coast Line R. Co., 56 Fla. 617, 47 South. Rep. 969: "State and county officers carry out the legislative will, assist the executive in executing the laws, and aid the courts in making their proceedings and judgments effective. The functions performed by such officers are administrative, and are not the governmental powers separated into departments by the constitution. The exercise of some authority, discretion or judgment may be incident or necessary to the performance of administrative or ministerial duties; but such authority, discretion or judgment is subject to judicial review, and is not among the powers of government that the constitution separates into departments."

We prefer to take our stand with those courts that limit the use of this writ to cases where there is no doubt about its applicability, rather than to reach out for more power by extending it to commissions, boards and officers that are not seeking to perform functions clearly judicial or quasi-judicial. See State ex rel. McEntee v. Bright, 224 Mo. 514, 123 S. W. Rep. 1057, 20 Ann. Cas. 955.

The power of removal vested in the executive department of government is an administrative act, and where

the power of approval or rejection of the action of the executive is placed in a legislative body, it does not thereby lose its administrative character.

The suspension or removal of the Chief of Police was initiated by the Mayor, but would only become final when his action was approved by another branch of the government.

No useful purpose will be served by an extended discussion of the functions of a writ of prohibition, as the rule in this State is fully presented in the cases of Sherlock v. City of Jacksonville, 17 Fla. 93, and State *ex rel.* Swearingen v. Railroad Commissioners of Florida, 79 Fla. 526, 84 South. Rep. 444.

It follows from what we have said, that the court erred in overruling the motion to quash the suggestion for the writ of prohibition, and decreeing a peremptory and absolute writ of prohibition against the persons comprising the City Council of Jacksonville.

The judgment is reversed with directions to quash the suggestion and discharge the rule to show cause.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.