HENRY I. SIRMANS, *Plaintiff in Error*, v. FRANK H. OWEN, W. A. EVANS, ST. ELMO W. ACOSTA, M. B. HERLONG, AND T. C. IMESON, AS THE CITY COMMISSION OF THE CITY OF JACKSONVILLE, *Defendants in Error*.

Opinion Filed May 16, 1924.

This case was decided by Division A.

1. The writ of certiorari lies only to review the actions of courts, boards of officers exercising functions clearly judicial or quasi-judicial.

486    SUPREME COURT OF ·FLORIDA.

2. The ·exercise of judgment is not the only criterion by which a proceeding must. be viewed to determine whether it is judicial.

3. The appointment of municipal officers is not a judicial proceeding.

4. The power of removal. of a police officer, which power is vested in the executive department of the City of Jacksonville, is neither judicial nor quasi-judicial.

5. When a police officer under the provisions of an act providing for the 'creation of· a relief fund becomes potentially entitled to benefits by reason of a definite length of service in the department, such circumstance gives him no vested interest in the position he occupies that renders his removal from such position by the proper municipal authorities a judicial act.

A Writ of Error to the Circuit Court for Duval County; Daniel A. Simmons, Judge.

Judgment Affirmed.

. W. C. Kent and W. M. Bostwick, Jr., for Plaintiff in Error; .

P. H. Odom and L. W. Strum, for Defendants in Error.

ELLIS, J.—Henry I. Sirmans in September, 1921, was an employe of the City of Jacksonville. He was employed as Sergeant of Detectives of the Police Department.

The Chief of Police A. J. Roberts, suspended Sergeant Sirmans for conduct unbecoming an. officer and .so advised the ·Acting Mayor by written communication, .dated September 25, 1921, requesting the Mayor to send the case to

the City Commission for trial if he deemed the matter sufficient to warrant such action.

The Mayor investigated the charges against Sirmans and deeming them of such nature as to warrant a trial of Sirmans upon them before the Commission requested the Commission, in writing, to give Sirmans a fair and speedy trial upon the charges as prescribed by the City Charter and the rules and regulations for the government of the police force and if the Commission should find the charges to be true that Sirmans "be removed from office."

On October 5, 1921, the City Commission, by its secretary, notified Sirmans, in writing, of its purpose to hear and consider the evidence in the matter on October 7th and furnished him with a copy of the charges as filed by the Acting Mayor with the Commission.

Sirmans appeared before the Commission at the appointed time and pleaded not guilty to the charges. Upon the conclusion of the testimony the Commission, by resolution, took the matter under advisement and on October 11th announced its decision by unanimous vote to be that the accused was guilty. The Mayor of the City was advised of the Commission's action and on October 12th he notified the Commission that he had dismissed Detective Sergeant Sirmans from the police force of the city.

The dismissed police officer, through his attorneys, petitioned the Commission for a rehearing. The petition was denied. Later a motion to set aside the verdict was made in this behalf and that motion was denied. The Commission suggesting that the matter might be referred to the Mayor for re-investigation.

Sirmans, by his attorneys, then applied to the Circuit Court of Duval County for a writ of certiorari. The writ was issued, directed to the City Commission and on February 22, 1922, return was made. In March, upon order

of the court, an amended return was made which included the testimony and certain affidavits taken before the commission upon the hearing.

The court, after·consideration of the return and amended return entered its order quashing the writ of certiorari and discharging the respondents. To this judgment the petitioner took writ of error from this court. The circuit judge rested his decision upon the case of Owens *et al.* v. Bond *et al.* 83 Fla. 495, 91 South. Rep.· 686, in which this court held that the action of the City Council or City Commission of the City of Jacksonville in approving or rejecting the act of the Mayor in suspending a person occupying the position of Chief of police is not a judicial or a quasi-judicial function.

The writ of certiorari lies only to review the actions of. courts, boards or officers exercising functions clearly judicial or quasi judicial. It will not lie to review administrative acts. 1 Bailey on Habeas Corpus Sec. 172; 4 Stand. Ency. Proc. 919.

A judicial act determines the law applicable and the rights and obligations of parties in relation to past transactions. Sinking Fund Cases, 99 U. S. 700, 25 L. Ed. 496; People *ex rel.* Schan v. McWilliams, 185 N. Y. 92, 77 N. E. Rep. 785; People *ex rel.* Cochran v. Board of Education of Oakland, 54 Cal. 375.

But the above definition is too narrow. Not every act which involves judgment or discretion is a judicial act. The exercise of judgment is not the ʹcriterion by which a proceeding must be viewed to determine whether it is judicial.

The appointment of municipal officers is not a judicial proceeding. Attorney General v. Mayor, etc., of Northampton, 143 Mass. 589, 10 N. E. Rep. 450.

In some jurisdictions it is held that the power to remove

municipal officers by municipal corporations is judicial. But such cases hold that where the power to remove is not discretionary, but only for cause after notice and hearing, the proceedings are judicial and may be reviewed by certiorari.

But in this State this Court has definitely held that the power of removal of a police employee vested in the executive department of the City of Jacksonville is neither judicial nor quasi-judicial and therefore the action of the City authorities in the removal of such an employee is not reviewable.   Owens *et al.* v. Bond *et al. supra.*

Under the Charter of the City of Jacksonville the Board of Police Commissioners had exclusive power to appoint, organize and remove the members of the police force. Under Chapter 7659, Laws of 1917, this power became vested in the City Commission which was required to establish general provisions and requirements for the control and suspension of members of the police department. While a police employee who has served one year may not be removed from office without cause and without a hearing before the Commission on written charges, the action by the Commission, involving this power, this court has determined to be ministerial.   The circumstance of potential benefits to be derived from a pension or relief fund for faithful service for a definite period of time gives a member of the police force no vested interest in the position he occupies that renders his removal by the proper authorities a judicial act.

The judgment of the court was correct and is affirmed upon the authority of Owens *et al.* v. Bond *et al., supra.*

TAYLOR, C. J., AND BROWNE, J., concur.

WHITFIELD, P. J., AND WEST AND TERRELL, J. J., concur in the opinion.