STATE OF FLORIDA, ex rel. CARY D. LANDIS, Attorney General, GEORGE M. DAWSON and STATE BOARD OF MEDICAL EXAMINERS OF THE STATE OF FLORIDA, *Petitioners*, vs. DANIEL A. SIMMONS, as Judge of the Circuit Court of Duval County, Florida, and PAUL C. RONNING, *Respondents*.

140 So. 187.

En Banc.

Opinion filed March 17, 1932.

*C. D. Blackwell,* for Petitioners;
*L. S. Gaulden,* for Respondents.

ANDREWS, Commissioner.—The issues presented here for adjudication are those raised (1) by Respondents' motion to quash the petition and peremptory writ of prohibition and (2) the issue presented by the demurrer of the petitioners to the return or answer filed by Respondent, Judge D. A. Simmons.

It appears from the pleadings and record, that on May 29, 1931, Dr. George M. Dawson, a resident physician and surgeon of Palm Beach County, Florida, made and filed with the State Board of Medical Examiners, whose headquarters are in Tampa, Florida, a formal complaint against one Paul C. Ronning, a practitioner of medicine residing in said county of Palm Beach, charging him with having obtained a certificate of license to practice medicine unlawfully and fraudulently; that the said license, purporting to have been issued by the former Board of Eclectic Medical Examiners under date of February 11, 1921, was filed for record on April 8, 1926, and recorded in Miscellaneous Book 19, page 246, Public Records of Palm Beach County.

The petition for prohibition states that on June 15, 1931, the said State Board after giving due notice to said Ronning of said charges with place and time of hearing, convened in Jacksonville, Duval County, Florida, and that after hearing the evidence and upon due consideration there of the said Board entered an order revoking the license of Ronning; that pursuant to the provisions of Chapter 8415, Laws of Florida, 1921, a certified copy of the Board's judgment of revocation was duly recorded in Palm Beach County, Florida, in which county Ronning resides and where his purported license to practice medicine is recorded; that thereafter said Ronning, feeling aggrieved by the judgment, applied to and obtained from the Circuit Court of *Duval County,* a writ of certiorari directed to said State Board of Medical Examiners requiring said Board to send up the entire record of proceedings in

said cause, and that in response thereto the said Board transmitted a certified copy of said record to the Circuit Court of Duval County; that after the record reached said Court the said Ronning by his counsel called up for consideration a motion to quash the charges, which motion appears to have been the same as that previously presented to and denied by the State Board of Medical Examiners preceding the trial. The petition for writ of prohibition states that before presenting any argument at the hearing that counsel for said Board suggested that under the Act of 1921 as amended by the Act of 1927, Judge Simmons was without jurisdiction and that the jurisdiction of said cause was with the Circuit Court of the county where the said license of Ronning was filed and recorded, and not with the Circuit Court of Duval County. The answer and return of respondent, Judge Simmons, also states that before entering upon a discussion of the law presented by the record, counsel for the said Board raised the question and contended and argued that said court was without jurisdiction and that certiorari could be brought only in Palm Beach County. It appears that no formal motion or plea attacking the jurisdiction of the Circuit Court of Duval County was filed at said hearing by the said Board, but that after the hearing the Judge of said Court took the matter under advisement and later entered an order in which it was determined that the said Court had jurisdiction and forthwith awarded a trial de novo before said Court; also held that the statutes in question were constitutional. Thereupon a petition was presented to this Court for an order directed to the Circuit Court of Duval County to stay proceedings and to show cause why said Court should not be prohibited from trying said cause.

The necessary steps for granting, also annulling licenses of physicians, are controlled by Chapter 8415, Laws of Florida, 1921, as amended by Chapter 12285, Laws of 1927.

The medical board created by the Act of 1921, repealed all previous laws in conflict and at the same time constituted what may be termed a ''composite'' board of medical examiners, made up of ten members composed of five Allopathic, three Eclectic and two Homeopathic physicians, who are appointed in various portions of the State by the Governor for alternative periods of years. The above acts specifically repealed all former laws of the State governing each of the three above mentioned branches of the medical profession, but continued in full effect all licenses theretofore duly and legally issued thereunder. It is obvious that if license #593 held by the said Ronning upon his qualifying under the former statute relating to licensing of Eclectic Physicians on February 11, 1921, before the ''composite'' medical board was created on June 10, 1921, that the said certificate of license issued to Ronning would be at least prima facie valid.

The complaint against Ronning charges that he never passed any examination or qualified in any way to practice medicine under either act; that the said license certificate #593, purporting to have been issued on February 11, 1921, to said Ronning by the Board of Eclectic Medical Examiners and recorded April 8, 1926, in Palm Beach County, was procured by Ronning fraudulently during the year 1926, through one George A. Munch, a former secretary of the Board of Eclectic Medical Examiners, and that said Munch by some means obtained the said certificate signed in blank by Dr. Mark Hammond, a former President of the Board of Eclectic Medical Examiners, and that the said Munch filled in the said blank license so signed, by fixing the number 593 thereto and writing in the name of Paul C. Ronning and thereupon antedating it as of February 11, 1921, which is a date prior to the date on which said Eclectic Board was abolished by said Chapter 8415, which became effective June 10, 1921; and that the

said Ronning paid said Munch Five Hundred Dollars for said fraudulent certificate #593.

The statutes of this State now governing the organization, duties and powers of the State Board of Medical Examiners are contained in Sections 3404 to 3416, Compiled General Laws of Florida, 1927. Section 3409 provides that before any licensee shall begin to practice medicine after being duly examined and admitted to practice, his license so issued shall "be recorded in a book for that purpose in the office of the Clerk of the Circuit Court of the County in which he resides or in which such practice is intended to be carried on with the name, residence, place and date of birth and source, number and date of his license to practice", and that "before registering each licensee shall file, to be kept in a bound volume in the office of the Clerk of the Circuit Court, an affidavit of the above facts, and also that he is the person named in such license and had before receiving the same complied with all the requirements as to examination required by law; that no money was paid for such license, except the regular fee paid by all applicants therefor, that no fraud, misrepresentation or mistake in any material regard was conveyed to any one or occurred in order that such license should be granted."

The record in this case shows that said Ronning resides and practices medicine in Palm Beach County, also in the adjoining County of Broward, and that his license, which was annulled by the State Board, was filed and recorded only in those two counties. Section 3415 C. G. L. 1927, provides that in the event any such license is revoked and registration annulled "the said Board shall forthwith transmit to the Clerk of the Circuit Court or Courts in which said accused is registered as a physician, a certificate under its seal certifying that such registration has been annulled, and such Clerk shall, upon receipt of such certificate, file the same and forthwith mark such registration 'annulled' ".

Said Section 3415 further provides that "such suspended physicians may have the proceedings of said Board reviewed by certiorari to the Circuit Court *of the Circuit in which said license is recorded;*" and that "said writ shall issue upon the petition of the person whose license has been revoked." It also provides that "the accused shall have the right to demand a trial de novo before the Circuit Court, and thereafter the Court shall hear and determine the guilt or innocence of the accused according to the evidence and law applicable to the facts which shall be before him, and unless the guilt of the accused shall appear beyond a reasonable doubt, the Court shall render the decision in favor of the accused and restore him to all rights to practice", etc.

It will be observed that while a physician obtains the *right* to practice merely from having a license issued to him, yet he may *engage* in actual practice in any county *only after* he files and has his license recorded "in the office of the Clerk of the Circuit Court of the county in which he resides", or conducts his practice, and it is in those counties where he is duly registered that the record must be marked "annulled" in the event his license is revoked by the State Board.

It will be conceded that the Circuit Courts of this State have the power to issue writs of certiorari to inferior boards or tribunals exercising judicial or quasi-judicial functions. Sirmans v. Owen, 87 Fla. 485, 100 So. 734.

The procedure for the cancellation of licenses of physicians obtained by fraud is governed solely by statutory procedure, and not by the common law or other statutory procedure or rules of practice inconsistent therewith. The Circuit Courts of this State in the absence of this statute would have no power or authority under a writ of certiorari to consider and review any finding of *facts* made by the State Board of Medical Examiners other than is expressly given them by statute. While a Circuit Court,

even in the absence of a statute, would have the power to issue a writ of certiorari to the State Board of Medical Examiners or any inferior tribunal, requiring a certified copy of the record of any trial transmitted to such Circuit Court for inspection and adjudication, but only in accordance with the *rules governing reviews upon such a writ*.

It seems clear that the fact that the annullment proceedings were held by said Board in Duval County, does not thereby confer upon the Circuit Court of that County any more jurisdiction than if such proceedings of the Board had been held in some other county of the State. The cause of action did not accrue in Duval County. While under the Act of 1921, as amended by the Act of 1927 above referred to, the said Board may hold its hearings in any county in the state determined upon as being best for the convenience of all parties concerned, yet the cause of action necessarily accrues in the resident county where the license is recorded and the statute violated.

As has been seen from Section 3415 C. G. L., 1927, in reviewing the record of the proceedings of the said State Board a Circuit Court acts as a Court of special jurisdiction to try the charges anew as though none had been held by the Board. This power is not within the purview of a writ of certiorari.

The general rule stated in 7 R. C. L. 1032, sec. 61, is as follows: "The fact that a court is one of general jurisdiction does not necessarily mean that it cannot be made a court of special and limited jurisdiction in some cases, but on the contrary a court of general jurisdiction may have special powers conferred upon it by special statute; and, as these powers are not exercised according to the course of common law, they do not belong to it as a court of general jurisdiction. In the exercise of such special statutory powers, a court of general jurisdiction will be

regarded and treated as a court of limited and special jurisdiction.''

See Watts v. Dull, 184 Ill. 86, 56 N. E. 303, A. S. R. 141.

Under Section 11, Article ''V'' Florida Constitution, the judges of the Circuit Courts of this State have the power to issue writs of certiorari and all other writs ''proper and necessary to the complete exercise of jurisdiction.'' Under the above the proceedings under the writ are governed by the common law in this State.

This court in the case of American Railway Express Company vs. Weathersford, 84 Fla. 264, 93 So. 740, defined a common law writ of certiorari as follows:

''Certiorari is a common-law writ, which issues in the sound judicial discretion of the court to an inferior court, not to take the place of a writ of error or an appeal, but to cause the entire record of the inferior court to be brought up by certified copy for inspection, in order that the superior court may determine from the face of the record whether the inferior court has exceeded its jurisdiction, or has not proceeded according to the essential requirements of the law, in cases where no direct appellate proceedings are provided by law.''

See also Seaboard A. L. R. v. Ray, 52 Fla. 634, 42 So. 714. It will be observed that the common law writ issues only ''in the sound discretion'' of the court to an inferior one to cause the record to be sent up in order that the superior court may determine where the inferior court ''has exceeded its jurisdiction'' or has ''not proceeded according to the essential requirements of the law.'' Of course, under the common law a writ of certiorari is not procurable as a ''matter of right'' upon mere petition, but the matter of granting rests *in the sound discretion of the court*. Coe-Mortimer Co. v. State, 81 Fla. 701, 88 So. 475; Hunt v. Jacksonville, 34 Fla. 504; 16 So. 398.

Under the statute here being considered the writ is issuable upon mere petition which thereby confers powers upon the proper Circuit Court to review the whole pro-

ceedings as to the facts as well as issues of law, and even to try the charges de novo, which was never authorized or contemplated under the common law writ of certiorari. It is clear that the Act in question, being in derogation or supplementary to those powers exercised pursuant to the granting of a common law writ of certiorari, must be strictly construed. See East Coast Lumber Co. v. Ellis-Young Co., 50 Fla. 215; 39 So. 197; Weeks v. Johnston, 85 Fla. 248, 95 So. 670. It seems, therefore, that the writ of certiorari, grantable under the statute here in question, is merely made the medium by which the record is required to be sent up to a circuit court; and that neither in granting or reviewing the record must such circuit court necessarily be governed by the rules generally applicable to proceedings pursuant to such writs.

The statute under consideration seems to confine the jurisdiction of circuit courts to the "subject-matter"; that is, to the physician's license and the record thereof in the county where he resides and practices his profession and not to the person of the physician himself. The reason is obvious; the people in the community served by the physician are the ones who are entitled to the aid of the public records to ascertain if a "Doctor" is an imposter. In the case of Lovett, et al. v. Lovett, 93 Fla. 611, 112 So. 768, this Court held that: "The rule that 'jurisdiction of the subject-matter', that is, the power of the court to adjudicate the class of cases to which a particular case belongs, cannot be conferred by the acquiescence or consent of the parties, is universally recognized."

See Brown on Jurisdiction (2nd ed.) Sec. 2; 35 C. J. 427; 16 C. J. 723-734.

It is noted that in the motion to quash the petition and writ of prohibition is based primarily upon an implied waiver of the State Board of Medical Examiners who having certified and returned the record of the trial and pro-

ceedings of said Board and complied with the writ of cer-
tiorari that it thereby submitted to the jurisdiction of said
circuit court of Duval County, and that it does not appear
that the said Board filed any motion or plea claiming the
privilege of having said certiorari issued and the pro-
ceedings reviewed in the circuit court of Palm Beach
County rather than in Duval County.

In other words the return of the Judge of the Circuit
Court to the writ of prohibition in effect claims jurisdic-
tion mainly by reason of the fact that the Board waived
its right to object to the jurisdiction of said Court by obey-
ing the writ of certiorari and not filing any formal motion
or plea claiming the privilege of having the same returned
to and reviewed by the Circuit Court of Palm Beach
County.

As we have noted above, the jurisdiction of the subject-
matter of litigation cannot always be conferred by the ac-
quiescence or consent of parties, and inasmuch as the
statute under which we are now proceeding specifically
provides that the suspended physician may have the pro-
ceedings of said Board reviewed by certiorari ''to the Cir-
cuit Court of the Circuit in which said license is re-
corded'' the venue of such writ becomes jurisdictional in
its nature.

It has been shown that the jurisdictional issue was not
waived by the Board, as the petition for writ of prohibi-
tion sets up and the return of respondent Court states that
it was insisted before the Circuit Court of Duval County
that said Court was without jurisdiction and that the ju-
risdiction in this cause was with the Court of Palm Beach
County, where the license was filed and recorded, and
where the respondent Ronning resided.

We do not understand that Ronning had the sole power
to waive venue fixed by the said statute, and thereupon
have the record reviewed, or trial de novo, before any cir-

cuit judge of the state of his own choosing, in the absence of a waiver of both parties, or an order of a competent court, granting such change for cause shown.

It is obvious that it was the intention of the Legislature to designate a specific Circuit Court in the County where the license is filed and recorded as the Court to which a writ of certiorari should be made returnable, and where the matter could be reviewed and even tried de novo so that there would be some definite place to effect a final adjudication. To hold otherwise would mean that the writ of certiorari could be made returnable to any Circuit Court even in a distant part of the State from where the unlawful practice is carried on and where it may be very inexpeditious and expensive to obtain a proper hearing by reason of the witnesses and those concerned living at great distances.

We reach the conclusion, therefore, that the Circuit Court of Duval County was without authority in the first instance to issue the writ of certiorari requiring a transcript of the record of the trial, had before the said Board, certified to the said Court; that a review upon such certiorari can be legally had only before the Circuit Court of the County where the license of the said physician is duly filed and recorded, especially in view of the fact that the record shows that the jurisdiction of the Circuit Court of Duval County was not waived by the petitioner, even admitting that under the statute the jurisdictional question could be waived; that the word *may* as used in said section 3415 C. G. L. 1927, leaves it optional upon the part of the licensee as to whether he desires *a review;* but if he elects to have the review upon certiorari it must be in the circuit court designated by the statute.

The demurrer and motion to dismiss said petition and quash the writ of prohibition heretofore issued by this

Court be and the same is hereby overruled and the demurrer of petitioners to the return to said writ is hereby sustained; it is, therefore, ordered, and adjudged that the said writ heretofore issued be and the same is hereby made permanent.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the demurrer and motion to dismiss the petition herein and quash the rule in prohibition heretofore issued by this Court be and the same is hereby overruled and the demurrer of petitioners to the return to said writ be and the same is hereby sustained, and that the writ heretofore issued be and the same is hereby made permanent.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.