NATHAN MAYO, as Commissioner of Agriculture of the State of Florida, *et al.,* v. WINTER HAVEN PACKING COMPANY.

3 So. (2nd) 400

Division B

Opinion Filed July 18, 1941

*J. Tom Watson,* Attorney General, and *Wm. C. Pierce,* for Plaintiffs in Error;

*E. C. Wimberly* and *E. A. Bosarge,* for Defendant in Error.

THOMAS, J.—Under the provisions of Chapter 19326, Laws of Florida, Acts of 1939, a complaint was made to the Commissioner of Agriculture that the Winter Haven Packing Company had violated certain laws of the State relative to citrus fruit dealers. The specific charges, in substance, contained allegations that the company (a) shipped or attempted to ship immature citrus fruit in violation of Section 8, of Chapter 19324, of the Laws of Florida, Acts of 1939; (b) violated Section 2 of said Act with reference to the sale, transportation, preparation or receipt of citrus fruit which had not reached maturity according to the standards prescribed in the law; (c) shipped or attempted to ship citrus fruit by means of trickery, bribery or fraud, namely, the attempt to pay an inspector a bribe of fifty dollars; and (d) obstructed, or tried to obstruct, an inspector in the discharge of the duties imposed upon him by law.

Upon these charges a hearing was conducted before the Commissioner of Agriculture who, at the conclusion of the testimony announced the opinion that all of the charges had been sustained and thereupon he ordered the certificate of registration of Winter Haven Packing Company suspended for a period of fourteen days. The company then obtained a writ of certiorari from the circuit judge of Polk County who reviewed

the record and quashed the order of the Commissioner of Agriculture.

It is the action of the judge which we must examine upon writ of error to his ruling. Important was his observation that he was without power to consider the force of conflicting testimony or to question the correctness of the judgment, but that he could exercise the prerogative of examining the evidence to ascertain whether a "palpable absue of power to determine the controverted facts was disclosed, and whether anything occurred at the hearing to show a lack of jurisdiction, or the non-observance of any essential requirement of the law in the exercise of jurisdiction." See Knott, State Treasurer, v. State *ex rel.* Hanks, 140 Fla. 713, 192 So. 472.

The reference in Chapter 19326, *supra,* to the remedy of one suspended for any offense against the provisions of the Act is very terse and simply provides that any action of the Commissioner, who has the power to suspend or revoke a license, "may be reviewed by any court of competent jurisdiction." There is a vast difference between the review of the order in the instant case and the one entered under the provisions of Section 3415, C. G. L., 1927, referring to the suspension from practice of doctors of medicine discussed by this court in State *ex rel.* Landis, *et al.,* v. Simmons, 104 Fla. 487, 140 So. 187. In the latter law the authority exercisable under the common law writ of certiorari is considerably broadened but under the plain language of the Act with which we are dealing we feel that the scope of the investigation by the circuit judge was that so often defined in the discussion of common law writs of certiorari, and that he was correct in circumscribing his examination of the

proceedings before the Commissioner of Agriculture by the application of the rule which we have quoted from his final order.

We will then proceed to the examination of the proceedings to determine whether error was committed in setting aside the Commissioner's conclusions and in doing so peruse the file to determine whether the Commissioner palpably absued his power or whether anything appears in the record to show lack of jurisdiction or failure to follow the essential requirements of law.

A brief statement of the factual background may make the decision more easily understood. A fruit inspector was on duty at the company's packing house making tests to determine the marketability of citrus fruit being delivered there from the groves. He had marked certain crates bearing some of it and had given instructions that the ones so labeled should not be "run," or mixed with other fruit, until he had given his permission. Notwithstanding his admonition the fruit which had not been approved was mingled with the rest under circumstances which indicated deliberate intention to defeat the examination by the inspector, rather than innocent mistake as was claimed. This occurred October seventeenth. Immediately afterward the manager, a man of long experience in the citrus fruit business, called the inspector who was preparing to leave the packing house, and handed him an envelope bearing his name and the notation, "Do Not Open Until October 20, 1940." The addressee delivered the envelope to his superior, the Superintendent of his section, who opened it, and found a fifty-dollar bill attached to an unsigned note expressing appreciation of the inspector's hard work and fairness

and complimenting the "Inspection Department" on employing men of his type.

We refrain from comment on such procedure further than the observation that there was no palpable abuse of power on the part of the Commissioner of Agriculture when he interpreted it as conduct justifying suspension of the company's certificate of registration.

It cannot be successfully maintained that in the hearing before the Commissioner there was an "entire absence of essential evidence" to establish the charges, Haile v. Bullock, Judge, *et al.,* 83 Fla. 538, 91 So. 683; nor have we found in our search of the record any "serious irregularities or material fundamental errors in" the procedure.

The decisions we have cited limit the scope of investigations in proceedings in certiorari and there will be discovered in them statements that the question of conflicting evidence is not involved. Hence we do not prolong this opinion with a discussion of the weight of testimony given by the various witnesses.

Within the rules given and the one which the circuit judge applied, the finding of the Commissioner of Agriculture was proper; therefore the judgment is reversed with direction to quash the writ of certiorari.

BROWN, C. J., TERRELL and CHAPMAN, J. J., concur.