J. C. BARRON v. J. T. BAILLIES, C. L. GRIFFIN and ELBERT A. CLUBBS, as Constituting the Civil Service Board of the City of Pensacola, and George J. Roark, as City Manager of said City, and WM. O. CONNELL as Chief of Police of said City.

26 So. (2nd) 449                                    January Term, 1946
May 28, 1946                                         Division A

*Coe & Eggart,* for appellant.

*F. Churchill Mellen,* for appellees.

BUFORD, J.:

On September 24th 1945 written charges were filed before the Civil Service Board of the City of Pensacola against J. C. Barron, a patrolman in the Police Department, as follows:

"CHARGE NO. 1.—INSUBORDINATION—

"Specification No. 1—That the said J. C. Barron did on the 4th day of September A. D. 1945, with the intent to reflect upon the Police Division of the Department of Public Safety of the City of Pensacola, and upon the honor and integrity of his superior officer, falsely, maliciously, wilfully and publicly charge William O'Connell, Chief of Police of the City of Pensacola with accepting bribes, favors, contributions and graft from the general public of the City of Pensacola, and with encouraging the members of the Police Division of the

Department of Public Safety to solicit those bribes, favors, contributions and graft from the general Public of the City of Pensacola for the use and benefit of the said William O'Connell.

"CHARGE NO. 2. MISCONDUCT.—

"Specification No. 1. That the said J. C. Barron did on the 4th day of September, A. D. 1945, with the intent of destroying the morale and reflect upon the honor and integrity of the Police Division of the Department of Public Safety, did falsely, maliciously and publicly accuse his fellow officers and fellow police officers with soliciting bribes, favors, contributions and graft on behalf of themselves and William O'Connell, Chief of Police, from the General Public of the City of Pensacola.

"Specification No. 2. That the said J. C. Barron did on the 4th day of September, A. D. 1945, falsely, maliciously, wilfully and publicly charge that his fellow officers and fellow police officers of The City of Pensacola were grafters and thieves, and were the personal procurers, panders, and graft collectors of The Chief of Police of the City of Pensacola. SUSPENSION 30 days—DISMISSAL RECOMMENDED, subject to the further action of the Board."

Upon hearing and testimony taken the Civil Service Board entered its order as follows:

"After consideration of the evidence heard and testimony taken in connection with the case, it was the decision and judgment of the Board that the subject J. C. BARRON was GUILTY of CHARGE NO. 2, 'MISCONDUCT' of the charges as filed, with its accompanying specifications; that the action of the Chief of Police be sustained, suspension of 30 days confirmed and that the recommendation of the Chief of Police for the dismissal of the subject J. C. BARRON from the service be upheld and such dismissal ordered to become effective as of the date of suspension . . .

"It was further decision of the Board that the question of the violation of the rights of free speech is raised by counsel for the said J. C. Barron, had not been denied and was not involved in this case.

"The subject, J. C. Barron, together with counsel was present and heard the pronouncement of the decision and judgment as rendered by the Board in his case.

"The Secretary was directed to transmit the action of the Board to the City Manager."

This Order, in effect, acquitted the Police Officer of Charge No. 1, Insubordination, and the Specification No. 1 thereunder.

On October 25, 1945, the Police Officer filed his bill of complaint in the Circuit Court of Escambia County, Florida, challenging the order of the Civil Service Board, supra, and praying:

"WHEREFORE plaintiff prays that the court upon final hearing do issue its writ of mandatory injunction, requiring the defendants who are members of the Civil Service Board of the City of Pensacola to reverse and annul said Board's judgment of conviction of this plaintiff, and his removal from the Police Force of the City of Pensacola, and that the defendants Roark and O'Connell in their respective official capacities be enjoined from ousting him from the said Police Force, and required to reinstate him thereon, and to do all matters and things to accomplish payment to him of the compensation of his position for all dates subsequent to Sept. 1st 1945.

"Or in the alternative should the court find that the subject matter hereof is proper for legal instead of equitable relief, that this be regarded as a suggestion for a writ of prohibition, or a petition for writ of certiorari, and that proper legal process be awarded to adjudicate and give effect to the rights herein disclosed."

A certified copy of the proceedings had before the Civil Service Board, including the evidence taken, was attached to and by apt words made a part of the bill of complaint.

On motion made by the defendants the court entered its order as follows:

"This cause came on to be heard upon the motion of the defendants to dismiss the bill of complaint herein, and was argued by counsel.

"The court has disregarded any possible technical questions as to the nature of the proceedings, and has considered the cause upon its merits, and upon consideration thereof, it

is ordered that the bill of complaint be, and the same is hereby dismissed at the cost of plaintiff."

From this Order plaintiff appealed.

The appeallant presents two questions: (a) Do the facts proven, even if unprivileged, constitute ground for removal under controlling charter provisions? (b) were not the statements for which appellant was penalized privileged? Appellant bases his contention that if the statements were made by the Police Officer as alleged in the charges filed, they were made in the course of a judicial or quasi-judicial proceeding and were pertinent to the issues involved in that proceeding and, therefore, were privileged. We cannot concur in this view because this court has held that the power of removal of a police officer, which power is vested in the Executive Department of the City, is neither judicial nor quasi-judicial. See Sirmans v. Owens, 87 Fla. 485, 100 So. 734; Owens v. Bond. 83 Fla. 495, 91 So. 686; State v. Houghlin, 103 Fla. 877, 138 So. 392; Bryan v. Landis, 106 Fla. 19, 142 So. 650; Etzler v. Brown, 58 Fla. 221, 50 So. 416, 138 Am. St. Rep. 113.

We next come to the question as to whether or not the facts proven, even if unprivileged, constitute ground for removal under the charter provisions.

We have held that the discretion of an officer making the removal of a city employee in the classified civil service is subject to review by the courts to determine whether or not the jurisdictional facts existed as a predicate for the suspension or removal. See State v. Makle, 107 Fla. 742, 142 So. 822; State v. Joughin, supra; Hammond v. Curry, 153 Fla. 245, 14 So. (2nd) 390.

We find that charge 2, supra, with the specifications thereunder alleged jurisdictional grounds for removal but the evidence taken upon the hearing the transcript of which constituted a part of the bill of complaint, entirely failed to support the charge or either of the specifications thereunder. There is no evidence that Barron at any time ever accused his fellow officers, or fellow police officers, of soliciting bribes, favors, contributions and graft on behalf of themselves and William O'Connell, Chief of Police, from the general public of the City of Pensacola or that he had ever at any time to anyone

charged that his fellow police officers of the City of Pensacola were grafters and thieves and were personal procurers, panderers and graft collectors of the Chief of Police of the City of Pensacola.

The most that can be gleaned from the evidence is that Barron did state that the Chief of Police showed him some bottles of wine or whiskey and some other articles, probably a ham, and that the Chief of Police told him that police officers had gotten this stuff for him from merchants on Palafox Street and asked him why he, Barron, could not be as good to him, the Chief of Police, as other officers were and that he, Barron, replied that he did not bum stuff for himself and would not bum for anyone else.

It, therefore, follows that as the jurisdictional facts alleged in the charge were not proven, by the evidence adduced, to have existed, the decree appealed from must be reversed on authority of Hammond v. Curry, 153 Fla. 425, 14 So. (2nd) 390, and the cause remanded for further proceedings not inconsistent with the views herein expressed.

It is so ordered.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.