# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2021-3805
_____

PROGRESSIVE SELECT
INSURANCE COMPANY,

Appellant,

v.

LESLIE BUNSEE,

Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Gary L. Bergosh, Judge.

March 6, 2024

PER CURIAM.

AFFIRMED.

M.K. THOMAS and NORDBY, JJ., concurs; TANENBAUM, J., dissents
with opinion.

_____

***Not final until disposition of any timely and
authorized motion under Fla. R. App. P. 9.330 or
9.331.***

_____

TANENBAUM, J., dissenting.

This appeal should be dismissed because we lack authority to directly review a post-decretal *procedural* order like the one before us.

After winning a defense verdict and securing a judgment against the appellees, Progressive Select Insurance Company claimed an entitlement to fees based on the plaintiffs' rejection of its offer of judgment. *See* § 768.79, Fla. Stat. Progressive submitted a motion asserting the separate claim. *See* Fla. R. Civ. P. 1.525; *Stockman v. Downs*, 573 So. 2d 835, 838 (Fla. 1991) (explaining that a "party seeking attorney's fees pursuant to statute or contract must plead entitlement to such fees" and that proof of those fees "may be presented after final judgment, upon motion within a reasonable time"). The motion, in essence, "raise[d] a collateral and independent claim which the trial court ha[d] continuing jurisdiction to entertain." *Finkelstein v. N. Broward Hosp. Dist.*, 484 So. 2d 1241, 1243 (Fla. 1986) (internal quotation and citation omitted); *cf. Stockman*, 573 So. 2d at 837 (explaining that "it is not improper to adjudicate entitlement to attorney's fees after resolution of the other claims" because a fee motion "requires consideration of factors distinct from the issues decided on the merits of the cause of action"); *Cheek v. McGowan Elec. Supply Co.*, 511 So. 2d 977, 979 (Fla. 1987) (characterizing "the recovery of attorney's fees [a]s ancillary to the claim for damages" and cannot be determined until after a disposition of the underlying claim).

Sometime after, Progressive must have realized that it served its fee motion beyond the thirty-day limit set by rule for doing so. *See* Fla. R. Civ. P. 1.525 (requiring that a party serve its motion "no later than 30 days after filing of the judgment . . . which judgment . . . concludes the action as to that party"). Progressive stated as much in its separate, subsequent motion requesting an enlargement of the thirty-day time period. *Cf.* Fla. R. Civ. P. 1.090(b)(1)(B) (providing procedural mechanism by which a party may request allowance of untimely act by motion filed after expiration of time period, "when failure to [timely] act was the result of excusable neglect"). The trial court denied the motion after a hearing. Presumably because Progressive had

2

acknowledged in its motion for enlargement that its fee claim otherwise was time-barred, the trial court never rendered an order on the underlying claim. The only order on appeal is the denial of the motion for enlargement of time.

It is true, in a literal sense, that the order marked the end of (additional) "judicial labor" in the case—the court having previously ended its labor with the rendition of a judgment. *Cf. S.L.T. Warehouse Co. v. Webb*, 304 So. 2d 97, 99 (Fla. 1974) ("Generally, the test employed by the appellate court to determine finality of an order, judgment or decree is whether the order in question constitutes an end to the judicial labor in the cause, and nothing further remains to be done by the court to effectuate a termination of the cause as between the parties directly affected."). The finality here, however, was only with respect to the motion for enlargement of time, which concerned a purely administrative matter. The order did not mark the end of "judicial labor" as to a substantive claim—say, the fee motion—because there was *no judicial labor* to be had: Progressive acknowledged that its claim already was barred and would remain barred unless the trial court re-opened the time window. *See Deshotels v. Stewart*, 346 So. 3d 717, 718 (Fla. 1st DCA 2022) (Tanenbaum, J., dissenting) (explaining why judicial labor could not be said to have come to an end if "there has been no judicial labor *at all* to adjudicate the rights of the parties . . . [b]ecause [if] there has not been a start to the judicial labor in the case, there could be no end").

Per the Florida Constitution, we have the authority "to hear appeals, that may be taken as a matter of right, from final judgments or orders of trial courts." Art. V, § 4(b)(1), Fla. Const. This authority stems from a recognition that only the judicial power can alter or reverse an exercise of judicial power. *Cf. Trustees of Internal Imp. Fund v. Bailey*, 10 Fla. 238, 253 (1863) (recognizing that rehearing of a court's judgment is exclusively an exercise of judicial power); *Bush v. Schiavo*, 885 So. 2d 321, 331 (Fla. 2004) (noting that even though "a final judgment may be subject to recall under a rule of procedure," that fact "does not negate its finality" and "[u]nless and until the judgment is vacated by judicial order, it is the last word of the judicial department with regard to a particular case or controversy" (internal quotation and citation omitted)); *see also Plaut v. Spendthrift Farm, Inc.*, 514

U.S. 211, 227 (1995) ("Having achieved finality, however, a judicial decision becomes the last word of the judicial department with regard to a particular case or controversy, and Congress may not declare by retroactive legislation that the law applicable *to that very case* was something other than what the courts said it was."). Finality in the constitutional sense, then, does not relate to whether a trial court's judicial labor is at an end as to just any request. Otherwise, *every* order on a motion filed after judgment would be appealable as a final order because, *at that moment* at least, judicial labor will have ceased.

Finality instead must refer to the conclusive exercise of judicial power on a claim, and not every order of a trial court is the exercise of judicial power. Judicial power is the determination of "the law applicable and the rights and obligations of the parties in relation to past transactions." *Sirmans v. Owen*, 100 So. 734, 735 (Fla. 1924); *see also State Rd. Dept. v. Crill*, 128 So. 412, 414 (Fla. 1930) (noting "that a judgment or decree is not final or appealable unless it *determines the merits of the controversy or the rights of the parties* and leaves nothing for future determination" (emphasis supplied)); *see also Malone v. Malone*, 48 Fla. L. Weekly D1587 (Fla. 1st DCA Aug. 9, 2023) (Tanenbaum, J., concurring) (citing decisions supporting the proposition that a "judgment essentially is a court decree that conclusively adjudicates a factual or legal dispute between parties that touches on their respective rights and remedies vis-à-vis each other," thereby "materially alter[ing] the legal relationship between the parties forever").[1]

---

[1] *Cf. State ex rel. Williams v. Whitman*, 156 So. 705, 707 (Fla. 1934) (characterizing "the function and prerogative [of an administrative tribunal] of deciding finally the law and the facts of an actual controversy bearing upon a vested legal right sought to be divested or impaired" as "pure judicial power"); *W. Flagler Amusement Co. v. State Racing Comm'n*, 165 So. 64, 65 (Fla. 1935) ("A judicial or quasi judicial act determines the rules of law applicable, and the rights affected by them, in relation to past transactions."); *Fla. Motor Lines v. R.R. Comm'rs*, 129 So. 876, 882 (Fla. 1930) (characterizing "quasi-judicial" action as one "taken on prescribed adversary hearing and involves the exercise of

4

Had the trial court rendered an order on Progressive's claim for fees on the merits—either determining there was no entitlement, or if there was, determining the amount of fees owed by the plaintiffs—it would have been a post-decretal exercise of judicial power and appealable as a final order. *See Clearwater Fed. Sav. & Loan Ass'n v. Sampson*, 336 So. 2d 78, 79 (Fla. 1976) (characterizing a true "interlocutory order" as one *leading up to* a final judgment, and distinguishing that type of order from a "final post decretal order," which is one coming after a final judgment that nevertheless "is dispositive of any question" and "completes the judicial labor on that portion of the" post-judgment cause). The order on review here, by contrast, merely sought relief from the operation of a court rule—Florida Rule of Civil Procedure 1.525—and did not determine the claim for fees on the merits. In other words, it was an order *precedent to* the exercise of judicial power: Absent an order excusing the untimeliness, the trial court simply remained without the authority to determine the admittedly time-barred fee claim.

The order on the motion for enlargement of time, then, was itself merely procedural and non-final (read: interlocutory)—and did not conclusively adjudicate the disputed rights between parties—so it is not appealable as a "final order" under article V, section 4 of the Florida Constitution. *Cf. Jessup v. Werner*, 354 So. 3d 605, 609–10 (Fla. 1st DCA 2022) (explaining that the court did not have authority to review the trial court's determination of entitlement to fees as part of an otherwise reviewable final order because the determination did not conclusively adjudicate the respective rights of the parties as to that issue). At the same time, this court cannot consider a non-adjudicatory order on direct appeal unless the supreme court authorizes such review by rule. *See* Art. V, § 4(b)(1), Fla. Const. (granting a district court of appeal the power to "review interlocutory orders . . . to the extent provided by rules adopted by the supreme court").

There is no rule authorizing this court's review of a motion denying a request for trial court consideration of an otherwise

---

independent judgment in determining controversies that directly affect adversary legal rights or privileges claimed by individuals").

5

time-barred claim for fees. *See* Fla. R. App. P. 9.130.[2] Because we lack constitutional authority to entertain this direct appeal, I would dismiss the appeal rather than dispose of it on the merits.

---

William D. Anderson, Daniell, Upton, Anderson, Law & Busby, P.C., Daphne, Alabama, for Appellant.

Adrian R. Bridges, Michles & Booth, P.A., Pensacola, for Appellees.

---

[2] The only relief Progressive conceivably could have sought from us here is a writ of mandamus, if the trial court utterly had failed to *consider and rule* on the motion for enlargement of time—to exercise its discretion, one way or the other. *Cf. Moore v. Fla. Parole & Prob. Comm'n*, 289 So. 2d 719, 720 (Fla. 1974) (noting that an allowable mandamus writ "would not command the respondent's discretion, but rather would compel the respondent to exercise its discretion"). Progressive, though, challenges only *how* the trial court exercised its discretion (*i.e.*, whether it abused the discretion), not its failure to exercise discretion.