214 So.2d 39 (1968)
CITY OF MIAMI BEACH, Florida, a Municipal Corporation, Appellant,
v.
100 LINCOLN ROAD, INC., a Florida Corporation, Appellee.
No. 68-17.
District Court of Appeal of Florida. Third District.
September 24, 1968.
Joseph A. Wanick, City Atty., Frank, Strelkow & Marx, Miami Beach, for appellant.
Irving Cypen Law Offices, Miami Beach, for appellee.
Before CHARLES CARROLL, C.J., and PEARSON and BARKDULL, JJ.
PEARSON, Judge.
The City of Miami Beach appeals a final judgment which enjoined it from claiming that the actions of the appellant constitute a violation of its zoning ordinance. The appellee owns and operates a large apartment building and provides parking space pursuant to a city ordinance.[1] The appellee brought action in the trial court alleging that the city had misinterpreted the legal effect of its zoning ordinance and as a consequence of this misinterpretation had ordered the appellee to "discontinue using parking areas within building for other than tenants' of apartments within building." The trial court found that any interpretation of the ordinance requiring use of the appellee's parking space to be limited to the occupants of the appellee's apartment building is unreasonable and invalid. We agree and affirm the judgment.
The ordinance in question simply requires builders of apartments to provide a designated number of permanent parking spaces for each family unit. Since zoning laws are in derogation of the common law, as a general rule they are subject to strict construction in favor of the right of a property owner to the unrestricted use of his property. Wright v. De Fatta, 244 La. 251, 152 So.2d 10, 14 (1963).
The authorities seem agreed that the purpose of off-street parking requirements is *40 not to provide every tenant with a parking space at all times but rather to alleviate traffic congestion. See School Dist. of Philadelphia v. Zoning Bd. of Adjust., 417 Pa. 277, 207 A.2d 864, 868 (1965); 1 Yokley, Municipal Corporations, § 245; 58 Mich.L.Rev. 1068, 1071.
The appellant has suggested that the appellee is engaged in the business of operating a parking garage in violation of the use regulation for the business district in which the apartment house is located. This issue has no place in these proceedings, because it was not raised in the trial court. The interpretation of § 16-B of Ordinance 289 was the only matter in issue in the trial court. The judgment is clearly based upon the court's correct interpretation of that section. We need not pursue the possible application of other ordinances.
Affirmed.
NOTES
[1] Section 16-B of Ordinance 289 requires apartment buildings to provide three parking places for each two apartment units constructed. The appellee obtained a variance permitting it to provide one parking space for each unit.