ADKINS, Judge,
dissenting:
I dissent. By petition for certiorari, we have for review a decision of the Fourth District Court of Appeal (City of Hallandale v. Leisure Colony Management Corp., 328 So.2d 851), which allegedly conflicts with a prior decision of this Court (Coogler v. Rogers, 25 Fla. 853, 7 So. 391 [1889]) and other decisions on the same point of law. Article V, Section 3(b)(3), Florida Constitution.
The petitioner, hereinafter referred to as the “City”, enacted an ordinance in 1964 specifying the number of parking spaces required for each apartment. This ordinance was amended in 1966 and again in 1968. The 1968 amendment required one and one-tenth parking space for each apartment.
In November, 1968, the respondent, hereinafter referred to as “Leisure Colony”, requested a building permit for the first building of a three-building apartment complex. The building permit was issued in December, 1968, and construction of a 162-unit apartment building began shortly thereafter.
In March, 1969, the City amended the off-street parking ordinance so as to provide one and one-fourth parking spaces for each dwelling unit, and in January, 1970, the City enacted an ordinance which limited density in the area to 79 units per acre.
At a city commission meeting on July 14, 1971, it was agreed between the City and the attorney for Leisure Colony that Leisure Colony would proceed with the second and third buildings in the complex, which were in excess of the density requirements, provided that building No. 3 complied with the off-street parking ordinance and allowed one and one-fourth parking spaces for each apartment unit. This agreement was confirmed by a letter from Leisure Colony.
On July 16,1971, the City issued a building permit for building No. 2. On September 21, 1972, a building permit was issued for building No. 3. A certificate of occupancy was issued for building No. 2, but on January 2,1974, the City learned that there were insufficient parking spaces for the project. Consequently, the City determined that Leisure Colony would be denied a certificate of occupancy unless the required one and one-fourth parking spaces per apartment unit was provided. Leisure Colony first stated that it would provide the requested parking, but on April 16, Leisure Colony requested a variance so as not to comply with the parking ordinance. The variance was not allowed and the City refused to issue the certificate of occupancy for building No. 3.
Leisure Colony then instituted the instant suit seeking a mandatory injunction and contending that it was entitled to the certificate of occupancy even in the absence of sufficient parking because the parking ordinance which required one and one-fourth spaces per apartment unit was, in fact, a zoning ordinance and had not been enacted pursuant to valid notice and hearing.
The City in its answer included the affirmative defense of estoppel alleging that in consideration for the issuance of the building permit Leisure Colony agreed to provide one and one-fourth parking spaces per apartment unit. This agreement was allegedly made by the city commission and verified by a letter to that effect. The City further alleged that the agreement was partially performed by the acceptance of the building permit by Leisure Colony.
Upon hearing, the trial judge found that the affirmative defense of estoppel was not a valid defense and entered a judgment on the pleading. This decision was affirmed by the District Court of Appeal. The City says this decision conflicts with the principles enunciated in Coogler v. Rogers, supra, reading as follows:
“This court in an early day, and in a well-considered case, used the following language: ‘The technicalities incident to estoppels [especially in pais ] are gradually giving way to considerations of reason and practical utility; and the courts of the present day seem disposed to give force and efficacy to a doctrine which is based upon principles of justice and the purest morality.’ Camp v. Moseley, 2 *29 Fla. 171, text. From cases cited above, and numerous others adjudicated, the law of estoppel may be briefly laid down as follows: (1) Words and admissions, or conduct, acts, and acquiescence, or all combined, causing another person to believe in the existence of a certain state of things. (2) In which the person so speaking, admitting, acting, and acquiescing did so willfully, culpably, or negligently. (3) By which such other person is or may be induced to act so as to change his own previous position injuriously.” 7 So. at 394.
The decisions conflict and we have jurisdiction. It is apparent from the allegations of the answer that Leisure Colony would provide one and one-fourth parking spaces; that in reliance upon such an assertion the City agreed to and did alter its previous position by issuing a building permit for a building which was in excess of the density requirements for the area. This detrimental change in position by the City, based on the agreement of Leisure Colony that they would comply with the ordinance, is sufficient to assert the defense of estoppel.
Leisure Colony says that the off-street parking requirements are contained in an ordinance which was adopted without the prerequisite of publication of notice of hearing and there can be no stipulation by which the parties agree to validate a legally invalid ordinance. From the allegations of the pleadings, it affirmatively appears that the City allowed Leisure Colony to build a building in excess of the density requirements in reliance upon Leisure Colony’s agreement to abide by the provisions in the off-street parking ordinance. Leisure Colony applied for and received the building permit with full knowledge that it would be required to provide the off-street parking facilities. After receiving the benefits afforded by the building permits, Leisure Colony now seeks to void the burden of the resulting obligation to provide off-street parking. Even if it were decided that these acts did not technically constitute a legally enforceable contract, I am firmly of the view that these acts, when considered in connection with the other facts alleged in the pleading, make this an exceedingly strong case for the application of doctrine of estoppel.
The answer to the amended complaint specifically denied certain allegations. For example, Leisure Colony alleged that building No. 3 was constructed in accordance with plans and specifications previously submitted to the City. The City denied this allegation. Leisure Colony alleged that the off-street parking ordinance was a zoning ordinance and invalid. These allegations were denied by the City. Apparently, there was an issue of fact as to the validity of the ordinance and Leisure Colony’s compliance with it.
The finding in the final judgment that all buildings had been completed was in complete disregard of defendant’s denial.
In Paradise Pools v. Genauer, 104 So.2d 860 (Fla.3d DCA 1958), the court, in reversing a judgment on the pleadings, said that the rule of law to be applied upon a motion for judgment on the pleading is correctly stated in 2 Moore’s Federal Practice, 2d Ed., 2269, as follows:
“Under the orthodox rule, a motion for judgment on the pleadings must be sustained by the undisputed facts appearing in all the pleadings, supplemented by any facts of which the court will take judicial notice. For the purposes of the motion, all well-pleaded material allegations of the opposing party’s pleading are to be taken as true, and all allegations of the moving party which have been denied are taken as false. Conclusions of law are not deemed admitted. Judgment on the pleadings may be granted only if, on the facts as so admitted, the moving party is clearly entitled to judgment. Hence , a defendant may not obtain a judgment on the pleadings on the basis of the allegations in his answer where no reply is required, since under Rule 8(d) these allegations are deemed denied; nor may defendant move on the basis of an insufficient denial of the allegations of his answer in plaintiff’s reply, where the reply was not required or ordered by the court.”
Issues of fact were raised by the answer that should be determined by the Court. *30 For the purposes of the motion all well-pleaded material allegations of the City’s answer are to be taken as true, and all allegations of Leisure Colony’s complaint that have been denied are taken as false. Conclusions of law are not deemed admitted. AIA Mobile Home Park, Inc. v. Brevard County, 246 So.2d 126 (Fla. 4th DCA 1971); Pelle v. Gluckman, 269 So.2d 33 (Fla. 3d DCA 1972).
Also, the decision of the District Court of Appeal in the case sub judice affirming the trial court’s judgment that the off-street parking ordinance is a zoning ordinance, is in conflict with City of Miami Beach v. 100 Lincoln Road, Inc., 214 So.2d 39 (Fla. 3d DCA 1968), which stated:
“The authorities seem agreed that the purpose of off-street parking requirements is not to provide every tenant with a parking space at all times but rather to alleviate traffic congestion. See School Dist. of Philadelphia v. Zoning Bd. of Adjust., 417 Pa. 277, 207 A.2d 864, 868 (1965); 1 Yokley, Municipal Corporations, § 245; 58 Mich.L.Rev. 1068, 1071.” At 39-40.
The decision of the District Court of Appeal should be quashed.
SUNDBERG, J., concurs.