477 So.2d 3 (1985)
SPARTA STATE BANK, Petitioner,
v.
Lee PAPE and Linda Pape, Respondents.
No. 85-886.
District Court of Appeal of Florida, Fifth District.
September 12, 1985.
Rehearing Denied October 21, 1985.
*4 Bruce A. Nants of Bankowitz & Nants, Orlando, for petitioner.
Corey R. Stutin of Rice, Steinberg & Stutin, P.A., Orlando, for respondents.

ON PETITION FOR WRIT OF CERTIORARI
DAUKSCH, Judge.
Sparta State Bank petitions this court for a writ of common law certiorari to review an order entered by the circuit court, sitting in its appellate capacity, reversing a summary final judgment entered by the county court. Sparta State Bank filed a complaint in county court to accelerate payment of two promissory notes and security agreements and an installment note for failure of respondents, Lee and Linda Pape, to make timely payments. In addition, the complaint sought replevin of a 1976 Audi automobile and a 1975 Harley-Davidson motorcycle which were pledged as collateral for the two promissory notes. Filed along with the complaint was a motion for prejudgment writ of replevin. The trial court entered an order granting the motion ex parte.
Respondents answered by letter filed with the court. Several months later Sparta State Bank moved for summary judgment filing supporting affidavits. Respondents received notice of the hearing but failed to appear and no affidavits in opposition to petitioner's motion for summary judgment were filed. The court entered summary final judgment against respondents in the amount of $7,075 which included principal, interest, attorney's fees and court costs. The prejudgment replevin bond was released.
On appeal to the circuit court the summary final judgment was reversed and the case remanded to the county court to "conduct further evidentiary hearings, if necessary and/or additional hearings or proceedings to provide appropriate equitable relief to [respondents]." The court noted in its order that procedural errors which occurred in the trial court worked an undue hardship upon respondents in that petitioner acquired the collateral and also received judgment in an amount exceeding the value of the property.
Petitioner submits the circuit court departed from the essential requirements of law by affording respondents a trial de novo on appeal when it considered defenses never raised by respondents at or before the hearing on summary judgment. We agree.
As a general rule it is inappropriate for a party to raise an issue for the first time on appeal. Dober v. Worrell, 401 So.2d 1322 (Fla. 1981); Mariani v. Schleman, 94 So.2d 829 (Fla. 1957). An appellate court cannot consider issues not presented to the trial judge either on appeal from an order of dismissal, Lipe v. City of Miami, 141 So.2d 738 (Fla. 1962), or on appeal from final judgment on the merits. Cowart v. City of West Palm Beach, 255 So.2d 673 (Fla. 1971); Mariani. In Dober v. Worrell, the Florida Supreme Court extended this rule to include an appeal from a summary final judgment.
In the instant case respondents' answer neither raised affirmative defenses nor was it in compliance with Florida Rule of Civil Procedure 1.110(e). Further, procedural due process was given respondents relating to the entry of summary final judgment. Respondents chose not to appear after notice of the hearing and they chose not to file affidavits in opposition to petitioner's motion for summary judgment. We hold that it was error for the circuit court to consider matters not before the *5 trial court and therefore we grant the petition. We do not address the questions related to the propriety of the trial court's granting the prejudgment writ of replevin and the subsequent disposal of the replevied goods because the record is incomplete relating to these issues.
The petition is granted, the final order entered by the circuit court is quashed and the cause remanded to the circuit court to affirm the county court's judgment.
WRIT GRANTED, ORDER QUASHED AND REMANDED WITH DIRECTIONS.
COBB, C.J., and ORFINGER, J., concur.