# MANDELSTAM, et al. v THE CITY COMMISSION OF THE CITY OF SOUTH MIAMI, FLORIDA

## Case No. 87-063 AP

Eleventh Judicial Circuit, Appellate Division, Dade County

January 11, 1988

### APPEARANCES OF COUNSEL

**Stanley B. Price** and **Andrea Karns Hoffman** for appellants.

**John R. Dellagloria,** City Attorney, for appellee.

Before KAYE, ROBINSON, KORNBLUM, JJ.

### OPINION OF THE COURT

This appeal is from the City's denial of Appellants' application for a special use permit to construct and operate a gymnastics training center or "school" in a residentially zoned neighborhood.

Appellants urge that the City Zoning Ordinance allows the construction and operation of "schools" in residential areas upon issuance of a special permit; that Appellants satisfied the requirements of the Environmental Review Board and Planning Board, which approved the application, as well as the requirements of the planned development section of the zoning ordinance.

At the hearing before the City Council, Appellants offered the testimony of experts that the requirements of the planned development section of the ordinance had been satisfied. The City did not rebut that showing and Appellants argue that they were entitled to the permit as a matter of law.

If the gymnastics training center was a "school" as contemplated by the ordinance, then Appellants are entitled to their permit.

The Ordinance (16-22-1) provides in part:

\* \* \*

"The following uses and structures shall be permitted generally: . . . . .

(b) Schools, public and private."

(d) Noncommercial, social, recreational and cultural facilities . . . . ."

\* \* \*

No definition of school is provided.

Section 10-1-1.05 provides that definitions shall be in accordance with dictionary meaning.

Appellants argue that Webster's defines "school" as "a place of discipline or training" and that they propose to teach a discipline, that of gymnastics.

Appellee suggests other definitions listed in Webster's which are more traditional.

In *Wadsworth v. Board of Adjustment of Bedminster Township,* 78 A.2d 619 (N.J. Super. 1951), the New Jersey Court said:

\* \* \*

". . . . . the words 'private school' in the zoning ordinance of the defendant township are used in their traditional sense and not in any all embracing sense and are intended to describe that class of school which is purely academic in character . . . . ."

\* \* \*

We are persuaded by the rationale of *Wadworth* (supra) and the City's action denying the permit is therefore affirmed.

STEVEN D. ROBINSON, Judge (dissenting).

The issue here is how to choose the proper dictionary meaning of school so as to properly interpret the word school as used in the South Miami Code, section 16-22-1(b). Obviously the city did not mean a school of fish or a school of art, but it might mean not just a grade school but "a place in which persons are instructed in any species of learning . . . any place of discipline or training." New Webster's Encylopedia Dictionary.

"Since zoning laws are in derogation of the common law, as a general rule they are subject to strict construction in favor of the right of a property owner to the unrestricted use of his property." *City of Miami Beach v. 100 Lincoln Road, Inc.,* 214 So.2d 39 (Fla. 3d DCA 1968). The case of *Gilden v. Davila,* 406 Pa. 484, 178 A.2d 562 (1962), applies this principle to defining an educational institution. Permitted uses must be interpreted broadly, prohibited uses strictly, so that doubts are resolved in a property owner's favor.

I sympathize with the neighbors whose neighborhood may be made more commercial if this opinion were not a dissent. However, the ambiguous language of the ordinance must be read in the broadest manner that makes contextual sense.

I would grant the relief sought in this appeal and order the City of South Miami to grant a special use permit to permit the gymnastic school.