539 So.2d 1139 (1988)
Rod and Carol MANDELSTAM, Violet L. Wilson, and John and Virginia Sharp, Petitioners,
v.
The CITY COMMISSION OF the CITY OF SOUTH MIAMI, Florida, Respondent.
No. 88-651.
District Court of Appeal of Florida, Third District.
November 1, 1988.
Fine Jacobson Schwartz Nash Block & England, and Linda Ann Wells and Stanley B. Price, Miami, for petitioners.
John R. Dellagloria, City Atty., for respondent.
Before HUBBART, BASKIN and JORGENSON, JJ.
JORGENSON, Judge.
Rod and Carol Mandelstam, Violet Wilson, and John and Virginia Sharp petition for a writ of certiorari from a decision of the Dade County Circuit Court, Appellate Division, which affirmed the denial of a special use permit by the City of South Miami. For the reasons which follow, we grant the writ of certiorari and quash the decision below.
The Mandelstams, in late 1986, applied to the City of South Miami for a special use permit to build a children's gymnastics school on Red Road adjacent to Dante Fascell Park. The area is zoned RS-3 (single family residences). However, section 16-22-1 of the City of South Miami's Zoning Ordinance provides that in an RS-3 zone "schools, public and private," are permitted uses. Section 10-1-1.05 of the same ordinance provides that "words and terms not defined herein shall be interpreted in accord with their normal dictionary meaning."
The City Commission of the City of South Miami unanimously denied the permit, stating that "private schools of this character" (emphasis added) were not permitted under the zoning ordinance. The Commission further stated that the requested use was a "commercial use" incompatible with the existing character of the surrounding neighborhood. The Commission also denied the permit on the ground that the Mandelstams failed to satisfy the requirements of the planned development section of the zoning ordinance.
The Mandelstams appealed to the Circuit Court of the Eleventh Judicial Circuit, Appellate Division, which held that the Mandelstams had satisfied all requirements of the planned development section. In affirming the City's denial of the special use permit, the appellate division relied upon Wadsworth v. Board of Adjustment of *1140 Bedminster Township, 11 N.J. Super. 502, 78 A.2d 619 (1951). The New Jersey court defined a school under the terms of a local zoning ordinance as an institution which is "purely academic" in character. The Mandelstams then sought relief by petitioning this court for a writ of certiorari.[1]
We find that the circuit court departed from the essential requirements of the law when it inserted additional terms into the City of South Miami's zoning ordinance and defined the term "school," which was undefined in the ordinance, in derogation of its ordinary dictionary meaning. Courts and other governmental bodies are prohibited from inserting words or phrases into municipal ordinances to express intentions that do not appear. Rinker Materials Corp. v. City of North Miami, 286 So.2d 552 (Fla. 1973). Nowhere does the City's code allow only those schools which are purely academic.[2] Neither the City of South Miami nor the circuit court could, therefore, narrow the scope of the code to deny the Mandelstams a permit.
Moreover, the circuit court, ignoring the directive of the City's code which required that undefined terms be given their normal dictionary meaning, specifically rejected Webster's definition of a school as "any place of discipline or training," and "as a place where instruction is imparted to the young." New Webster's Encyclopedic Dictionary 751. See also The Random House Dictionary of the English Language 1278 (1966) ("a place, institution, or building where instruction is given"); The Oxford English Dictionary 212 (1933) ("an institution in which instruction of any kind is given ... often with defining word indicating the special subject taught, as dancing, music, riding school").[3] The normal dictionary definitions of "school" encompass the Mandelstams' proposed gymnastics school.
Dissenting from the panel opinion of the circuit court, Judge Robinson stated that "permitted uses must be interpreted broadly, prohibited uses strictly, so that doubts are resolved in a property owner's favor." Mandelstam v. City Comm'n of the City of South Miami, Florida, No. 87-063 AP (Circuit Court of the Eleventh Judicial Circuit, Appellate Division, Jan. 11, 1988) (Robinson, J., dissenting). Zoning laws are in derogation of the common law and, as a general rule, are subject to strict construction in favor of the right of a property owner to the unrestricted use of his property. City of Miami Beach v. 100 Lincoln Rd., Inc., 214 So.2d 39 (Fla.3d DCA 1968). Strict construction of sections 10-1-1.05 and 16-22-1 of the South Miami Zoning Ordinance mandates the issuance of a special use permit to the Mandelstams.
We, therefore, grant the writ of certiorari and quash the decision of the circuit court with directions to enter an order directing the City of South Miami to grant the Mandelstams' special use permit.
Certiorari granted and cause remanded with directions.
NOTES
[1] The City did not file a cross-petition to challenge that portion of the court's decision which found that the Mandelstams complied with all requirements of the code.
[2] Although the Mandelstams offered evidence that their proposed school would offer some academic training to preschoolers, such a showing was not required under the terms of the code.
[3] In his dissent from the panel opinion, Judge Robinson aptly noted that "obviously the city did not mean a school of fish."