DAUKSCH, Judge.
This is an appeal from an injunction.
Appellant is a manager of a condominium project and was engaged in the renting of individual units to various persons for which he received a commission from the rental charges. He is not a licensed real estate broker or salesman.
Appellee, the licensing agency, obtained an injunction to prohibit appellant
from receiving any compensation, other than his manager’s salary, as a result of any activities or duties he may have in relation to the renting of individual condominium units within the condominium complex he manages. Receipt of any compensation other than his salary constitutes a violation of Chapter 475, F.S.
At issue is the interpretation of section 475.011(5), Florida Statutes (1988) which allows the following exemption from the licensing requirements:
Any person employed for a salary as a manager of a condominium or cooperative or cooperative apartment complex as a result of any activities or duties which he may have in relation to the renting of individual units within such condominium or cooperative apartment complex if rentals arranged by him are for periods no greater than 1 year[.] (emphasis added)
Before the subject statute was changed in 1988 managers of condominium buildings were exempt from licensing requirements and thus could receive commissions on rentals. The 1987 amendment inserted the phrase “for a salary”; appellee interprets this language to mean that unlicensed managers can no longer collect commissions in addition to their salaries. By issuing the injunction the trial court agreed with appellee. We agree, also.
Appellee is charged by the legislature to license and regulate persons who engage in the real estate brokerage business. Governmental agencies acting by legislative mandate are given administrative authority to carry out that mandate and their interpretation of relevant statutes is given deference by the courts. PW Ventures, Inc. v. Nichols, 533 So.2d 281 (Fla. 1988). Unless an agency interpretation appears strained or illogical the courts should recognize the superior knowledge and experience of the administrative bodies and boards in the promulgation of rules and application of statutory directions. It is not an unreasonable restriction to require all persons working for a commission on real estate transactions be licensed.
The injunction is affirmed.
AFFIRMED.
DIAMANTIS, J., concurs.
COBB, J., concurs specially with opinion.