669 So.2d 307 (1996)
CITY OF KISSIMMEE, Petitioner,
v.
David GRICE, Respondent.
No. 95-2646.
District Court of Appeal of Florida, Fifth District.
March 8, 1996.
*308 Brenda Lee London, P.A., Orlando, for Petitioner.
Leticia J. Marques, of Martinez, Dalton, Dellecker & Wilson, P.A., Orlando, for Respondent.
HARRIS, Judge.
The City of Kissimmee seeks certiorari review of a decision of the circuit court sitting in its appellate capacity. We grant certiorari.
The City terminated the employment of David Grice, a city police officer. Grice petitioned for Writ of Certiorari to the circuit court and the court ordered the City to show cause why Grice's petition should not be granted. The City elected not to respond and the court, noting that the City had failed to respond, found that Grice was wrongfully terminated and ordered that the City reinstate him with back pay.
While we do not know why the City failed to respond, it appears the City was determined to rely on its contention that the circuit court lacked jurisdiction to review its termination of Grice.
In any event, the City's lack of response is not tantamount to a default which automatically entitles the petitioner to his requested relief. The failure of response does limit the court's consideration to the information contained in the record and the allegations contained in the petition. See Kanji v. Valli, 621 So.2d 750 (Fla. 5th DCA 1993). Still the court must determine if the petition is meritorious and whether the requested relief should be granted.
In that regard, De Groot v. Sheffield, 95 So.2d 912, 915 (Fla.1957), determines the ground rules for review:
In Bryan v. Landis, 106 Fla. 19, 142 So. 650, it was pointed out that where one holds office at the pleasure of the appointing power and the power of appointment is coupled with the power of removal contingent only on the exercise of personal judgment by the appointing authority, then the decision to remove or dismiss is purely executive and not subject to judicial review. In the same opinion, however, we pointed out that if removal or suspension of a public employee is contingent upon approval by an official or a board after notice and hearing, then the ultimate judgment of such official or board based on the showing made at the hearing is subject to appropriate judicial review. The reason for the difference is that when notice and a hearing are required and the judgment of the board is contingent on the showing made at the hearing, then its judgment becomes judicial or quasi-judicial as distinguished from being purely executive. See also, Owen v. Bond, 83 Fla. 495, 91 So. 686; Sirmans v. Owen, 87 Fla. 485, 100 So. 734; State ex rel. Tullidge v. Hollingsworth, 103 Fla. 801, 138 So. 372; State ex rel. Hatton v. Joughin, 103 Fla. 877, 138 So. 392; State ex rel. Pinellas Kennel Club v. State Racing Commission, 116 Fla. 143, 156 So. 317. In the same cases and similar ones it was held that where an officer or employee is removed pursuant to purely executive authority, the courts will do no more than examine into the existence of jurisdictional facts to determine only the question of the existence of executive jurisdiction.
If certiorari review of the termination is appropriate, then De Groot explains the court's role:
In certiorari the reviewing court will not undertake to re-weigh or evaluate the evidence presented before the tribunal or agency whose order is under examination. The appellate court merely examines the record made below to determine whether the lower tribunal had before it competent substantial evidence to support its findings and judgment which also must accord with the essential requirements of the law. It is clear that certiorari is in the nature of *309 an appellate process. It is a method of obtaining review, as contrasted to a collateral assault.
De Groot, 95 So.2d at 916.
The problem with the circuit court's decision is that it is, in essence, a "Per Curiam Reversal."[1] Although a decision under review may be affirmed without opinion, indicating that the presumption of correctness accorded the lower tribunal had not been rebutted, an appellate court has the responsibility to write opinions in all reversals. The court in Kates v. Millheiser, 569 So.2d 1357, 1358 (Fla. 3d DCA 1990), held that: "the need for an appellate court to announce the reason for a reversal is essential to the integrity of the judicial process."
The City filed a motion to dismiss the petition for Writ of Certiorari on the ground that the court lacked subject matter jurisdiction because "the act complained of is purely executive ... and not reviewable by Writ of Certiorari." Under De Groot, the trial court has jurisdiction to determine, under the facts of the case, whether the act was, in fact, an executive decision. If so, then the court should dismiss the writ. If not, then the court should proceed to the merits of the writ. The court, without explanation, denied the motion. Even if we assume from the very summary Writ of Certiorari entered herein that because the court denied the motion to dismiss, it determined that the termination of Grice was not an "executive" decision, still we (and the City) are not informed as to why "petitioner was improperly terminated from his employment."
On remand, the court should also consider its limited authority in certiorari review. Such authority does not include directing that any particular action be taken. See ABG Real Estate Development Company of Florida, Inc. v. St. Johns County, 608 So.2d 59 (Fla. 5th DCA 1992). It seems, however, that as a practical matter the quashing of the order of termination would lead to the same result as that required by the court's order.
ORDER QUASHED. Cause REMANDED for further action consistent with this opinion.
GRIFFIN and THOMPSON, JJ., concur.
NOTES
[1] The circuit court made no determination of the facts but merely stated conclusions of law without indicating how the city departed from the essential requirements of law in terminating Grice.