726 So.2d 383 (1999)
CITRUS COUNTY, Florida, Petitioner,
v.
FLORIDA ROCK INDUSTRIES, INC., Respondent.
No. 98-2218.
District Court of Appeal of Florida, Fifth District.
February 12, 1999.
Thomas G. Pelham and Douglas W. Ackerman of Apgar & Pelham, Tallahassee, and Richard Wesch, Assistant County Attorney, Lecanto, for Petitioner.
Clark A. Stillwell of Brannen, Stillwell & Perrin, P.A., Inverness, for Respondent.
*384 W. SHARP, J.
Citrus County seeks certiorari review of an order of the circuit court in a zoning case. The circuit court granted certiorari review of the Citrus County Department of Development Services' order which granted in part and denied in part Florida Rock Industries, Inc.'s vested rights application under the Citrus County Land Development Code. The circuit court quashed the order rendered by the Department, and directed that on remand the vested rights application be granted in full. We have jurisdiction,[1] and because we find the circuit court failed to apply the correct law in this case, we grant the writ and quash the circuit court's order.
The defects in the circuit court's decision under review are basically three-fold: 1) it imposed on the Department a duty to accept a hearing officer's opinion in an administrative review process provided for by the Code, which duty or obligation is not supported by the Code or by the interpretation of the Department; 2) it buttressed its opinion with fact findings consistent with the common law of equitable estoppel, which was not a viable issue in these proceedings; and 3) it erroneously determined Florida Rock had been deprived of procedural due process because the county attorney acted in the dual role of prosecutor and advisor to the Department.
The facts in this case are complex, but a brief summary is necessary to explain this decision. Florida Rock owns and operates a rock processing plant in Brooksville, in Hernando County. Florida Rock has used the plant since 1955 to serve its mining operations in both Hernando and Citrus Counties. In Citrus County, Florida Rock has mining leases on four sites; Montague, Landrum, Storey and Rose Hill. The fee is owned by the successor of General Portland, Inc., who in 1978, obtained a ruling affirmed by this court,[2] that it was entitled to have the County issue it a permit for mining those four sites, upon due application and payment of fees. However, no one applied for mining permits, although Florida Rock has been engaged in mining operations on at least the Montague and Landrum sites, since 1981.
Apparently because Florida Rock anticipated Citrus County might change the zoning on the mining sites to make mining operations difficult or impossible, it applied for a determination of vested rights pursuant to section 3160 of the Land Development Code. That section allows an applicant to preserve development rights, provided it can establish various conditions. Section 3160B. requires that the applicant establish that its development expectations were reasonable and final when they were formulated; that the development is investment backed to a substantial degree; and that failure to allow the development will deprive the applicant of a reasonable return on its investment, exclusive of various specified costs and expenses. Section 3160C. presumes development rights are vested if they were previously granted by prior development orders.
Pursuant to Code, an application for vested rights is filed with the County  specifically, the Department of Development Services.[3] It must review the application to see whether criteria for vested rights is met. As part of the procedure, it consults with the county attorney, who is required to sign off on the decision rendered.[4] The Department makes a written determination, which is furnished to the applicant.
If the applicant is dissatisfied with the decision of the Department, it may appeal to a hearing officer.[5] The hearing officer is limited to a review of the record and the applicable law. The Code specifically provides that the hearing officer may treat as a question of law, whether the decision of the Department is supported by competent, substantial evidence in the record as a whole.[6] If the hearing officer finds the Department erred in its decision, the officer refers the matter back to the Department for reconsideration. *385 However, if the Department reaffirms its original decision, that decision becomes final, and the administrative process concludes.[7]
In this case, the Department granted Florida Rock's vested rights application only for the Montague and Landrum tracts, and denied it for the Storey and Rose Hill sites. The Department made numerous findings of fact in denying vested rights for Storey and Rose Hill. In summary, the Department found that all four sites are separate properties, treated as such by Florida Rock's lease with General Portland and others (DEP permits, etc.), and that they are not contiguous but are separated by roads.[8] It found that neither Florida Rock nor General Portland had ever obtained a special exception to mine the sites or other permit from the County. Thus it concluded, there was no development order issued by the County for these sites. It also found that Florida Rock had never mined the Storey or Rose Hill sites. Mining had been undertaken by another corporation on the Storey site, but mining had ceased there and there was no linkage between Florida Rock and that other mining company. There was an easement granted to Florida Rock for haul trucks to cross a county road on the Landrum and Montague tracts. This was part of the basis for granting Florida Rock vested rights for those tracts.
This decision was appealed to a hearing officer under the Code.[9] The hearing officer recommended that vested rights be granted to Florida Rock on all of the sites "as a matter of law." The hearing officer concluded that there were two prior development "orders" in the record for mining all four sites: the 1978 judgment affirmed by the Fifth District Court of Appeal; and the haul road easement issued by the County. He also concluded that all four sites should be treated as one property for purposes of vested rights, and that the sites were contiguous. In addition, he found that there was no period of time over 180 days during which the property had not been continuously mined since 1981, and he found that the investments made by Florida Rock in its Brooksville plant and in the mining operations in Citrus County were sufficient expenditures to establish the Code's requirement for vested rights.[10]
The Department reconsidered the matter as required by the Code. Florida Rock sought to have the county attorney and any staff or assistant counsel removed from the function of advising the Department because the county attorney had signed off on the original decision of the Department and because a county attorney had defended the Department's decision before the hearing officer. The record, however, is not clear as to whether the same attorney acted in all of these capacities.
The Department affirmed its original decision in all regards. It rejected the hearing officer's recommendation because it said the hearing officer had reweighed the evidence presented and substituted his judgment for that of the Department. It disagreed that Florida Rock had ever obtained development orders as required by the Code. The special permit that was in the record pertained only to the original special exception application, which was denied and had resulted in the litigation culminating in the Fifth District Court of Appeal's decision. It rejected the hearing officer's conclusion that the haul easement was a "development order" under the Code. At best, the Department concluded, the easement related only to the Landrum and Montague tracts.
The Department also reaffirmed its original conclusion, based on its fact findings, that the four sites are separate and should be considered individually. It maintained the view that the substantial investment expenses put forth by Florida Rock on its mining operations in Citrus County pertained primarily to the Landrum and Montague sites. Buttressing that finding, it pointed out *386 that Florida Rock had filed a separate application to mine Storey in 1992, which was not granted nor pursued, and that mining operations there had stopped from 1987 to 1991.
At this point, the administrative process was complete and final under the Code.[11] Florida Rock filed a petition for writ of certiorari in the circuit court to review the decision of the Department, and a complaint for declaratory relief under the common law doctrine of equitable estoppel. Florida Rock maintained throughout these proceedings that it had a dual remedy and that in the certiorari proceeding it was only seeking review of the administrative decision. It intended to preserve and later pursue other potential rights to establish common law estoppel or other grounds to force the County to permit it to mine all four sites. Only the certiorari case went forward and is the subject of our review.
The circuit court quashed the Department's decision, in part, and directed that on remand it must grant Florida Rock's vested rights application for all four sites. The major source of the difficulty in unraveling the various levels of standards of review in this case is the Code's "appeal" process to a hearing officer. The circuit court interpreted the Code to require the Department, on reconsideration, to apply an appellate standard of review to the hearing officer's decision. In other words, the court concluded that the Department could not reject the hearing officer's findings and conclusions, if reasonable people could have reached the same conclusion and if the findings were supported by substantial, competent evidence. The circuit court judge said the Department could not re-evaluate testimony or evidence on reconsideration. However, as the County points out, there is no support for this interpretation of the Code. The Code limits the hearing officer to a review of the record submitted to the Department, not a new evidentiary hearing. And the hearing officer is only supposed to rule on questions of law.[12]
Most importantly, the Code does not say or infer that on reconsideration the Department is bound in any way by the hearing officer's recommendations.[13] It does not require the Department to act as an appellate body, reviewing the hearing officer's conclusions and findings. It simply requires the Department to reconsider the matter in light of the recommendations. If rejected, the Department's decision becomes final.[14] The Department has taken the position in interpreting the Code that the hearing officer's recommendations to the Department on reconsideration of its decision are primarily advisory and not binding. We do not find that interpretation unreasonable or arbitrary.[15]
Having made that erroneous decision, the circuit court made new findings of fact, based largely on the findings of the hearing officer, plus other new ones, the source of *387 which is not clear. It found that there were two development orders in the record which established Florida Rock's vested rights to all four sites  the easement and the 1978 judgment. It found that all sites should be treated as one property and one mining project. And, it found that Florida Rock's mining expenditures and expectations were reasonable and final. Clearly, the circuit court did not give the Department's decision the appropriate appellate review as required by City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982). It did not review the record before the Department to see if its findings were based on competent, substantial evidence, or if its interpretations of the Code were reasonable and not arbitrary.[16]
The circuit court also buttressed its decision with findings that might be appropriate in the declaratory action, which has yet to be heard, but which clearly have nothing to do with the administrative proceeding and its review.[17] For example, it found: 1) that the County had acquiesced in Florida Rock's mining activities over many years without demanding permits and encouraged same by granting the haul easement; 2) that Florida Rock acted in good faith reliance on these acts and omissions of the County; and 3) that Florida Rock had incurred substantial obligations and expenses in its mining operations in Citrus County. The court reasoned that to deny Florida Rock the right to mine all four sites would be highly inequitable and unjust. These common law issues[18] may or may not be tried in another law suit, but since they had no place in the administrative proceeding under review, they cannot provide support for the trial court's decision in this case.[19]
The circuit court also determined that Florida Rock had not been accorded procedural due process before the Department because the county attorney provided legal advice to the Department during the initial phase of the dispute and then litigated for the county before the hearing officer, and finally advised the Department on reconsideration. It concluded one attorney could not serve both as advisor to an administrative body and an advocate. However, beyond these general statements, the circuit court did not discuss the facts concerning the role played by the county attorney at the various stages of the case, nor does this record show which attorney played what role and when.
In Cherry Communications, Inc. v. Deason, 652 So.2d 803 (Fla. 1995), the Florida Supreme Court held that a license holder's due process rights were violated when the Public Service Commission allowed its staff attorney, who had prosecuted the license revocation action, to also serve as a legal advisor to the Commission during its post-hearing *388 deliberation. The court in Cherry pointed out that the decision to revoke a license entails the exercise of a quasi-judicial function, and in such an administrative context an impartial decision maker is a basic constituent of minimum due process. In Cherry, the attorney who prosecuted the case and cross-examined witnesses subsequently assumed the role of the advisor to the Commission in its supposedly impartial deliberations. The court concluded that "because the prosecution was given special access to the deliberations, this adjudicatory process `can hardly be characterized as unbiased, critical review.'"
However, Cherry is distinguishable from this case. The assistant county attorney, Wesch, signed off on the Department's original decision, as was required by the Code, but it is a far leap to say he "prosecuted" the case before the Department, at that point. Also, there is no evidence in the record that Wesch "prosecuted" the case before the hearing officer. As noted above, we agree with the County that this step in the case was primarily advisory and not binding on the Department. Finally, there is no evidence in the record that Wesch or any other county attorney played any role in the Department's final decision after reconsideration. If the circuit court thought the entire County Attorney's Office was barred from advising the Department on reconsideration, nothing in Cherry supports such a ruling. Cherry holds only that a different staff attorney should have performed the different roles.
Agencies do sometimes have dual rules in administrative proceedings. There is no single test to be applied to determine if the requirements of procedural due process have been met. See Hadley v. Department of Administration, 411 So.2d 184 (Fla. 1982); Varney v. Florida Real Estate Commission, 515 So.2d 383 (Fla. 5th DCA 1987). However, in this case, the record does not support the conclusions that the same county attorney both advocated for the Department and advised the Department during its reconsideration.[20]
For the reasons set forth above, we conclude that the circuit court departed from the essential requirements of law in quashing the decision of the Department. Haines City Community Development v. Heggs, 658 So.2d 523, 530 (Fla. 1995); City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982). Accordingly, we grant the petition and quash the decision under review.
Petition for Writ of Certiorari GRANTED.
DAUKSCH and ANTOON, JJ., concur.
NOTES
[1] Fla.R.App.P. 9.030(b)(2)(B).
[2] Citrus County v. General Portland, 380 So.2d 603 (Fla. 5th DCA 1980).
[3] § 3161.
[4] § 3161.
[5] § 2500B.
[6] § 2500G.2.
[7] § 2500H.3.
[8] Maps in the record disclose Rose Hill lies three miles from Storey and is separated by two county roads and residential areas; Storey is separated from Montague by one mile and residential areas.
[9] § 2500.
[10] § 3160B.2.
[11] § 2500H.3.
[12] § 2500G.2.
[13] See, e.g., Rinker Materials Corp. v. City of North Miami, 286 So.2d 552, 553-554 (Fla. 1973) (court must give plain, ordinary meaning to words of an ordinance and may not insert words or phrases to express intentions which do not appear in ordinance). See also Mandelstam v. City Commission of S. Miami, 539 So.2d 1139 (Fla. 3d DCA 1988) (court departed from essential requirements of law when it inserted additional terms into a zoning ordinance to express intentions that do not appear and defined words in derogation of their ordinary meaning); Rose v. Town of Hillsboro Beach, 216 So.2d 258 (Fla. 4th DCA 1968) (courts may not insert words or phrases into ordinance to express speculative intention unless it clearly appears the omission was inadvertent).
[14] § 2500H.3.
[15] Campus Crusade for Christ v. Unemployment Appeals Comm'n, 702 So.2d 572, 575 (Fla. 5th DCA 1997) (conclusions of law of agency that construes a statute which it is charged to enforce, while not immune from judicial review, are entitled to great deference); D.A.B. Constructors, Inc. v. State, Dept. of Transportation, 656 So.2d 940, 944 (Fla. 1st DCA 1995) (agency's construction of statute it administers is entitled to great weight and will not be overturned unless clearly erroneous); Erfman v. Dept. of Professional Regulation, 577 So.2d 710, 711 (Fla. 5th DCA 1991) (interpretation of relevant statutes by governing agency acting by legislative mandate is given deference by courts).
[16] Education Development Center, Inc. v. City of West Palm Beach Zoning Board of Appeals, 541 So.2d 106, 108 (Fla. 1989). See also Department of Highway Safety and Motor Vehicles v. Smith, 687 So.2d 30 (Fla. 1st DCA 1997) (circuit court is prohibited from reweighing evidence and is not empowered to conduct independent fact finding mission when reviewing administrative decision); Maurer v. State, 668 So.2d 1077, 1079 (Fla. 5th DCA 1996) (circuit court departed from essential requirements of law when it reweighed evidence and substituted its judgment for county court's); City of Deland v. Benline Process Color Co., Inc., 493 So.2d 26, 28 (Fla. 5th DCA 1986) (circuit court acting in appellate capacity departed from the essential requirements of law when it re-evaluated credibility of evidence or reweighed conflicting evidence).
[17] See, e.g., Haines City Community Development v. Heggs, 658 So.2d 523, 530 (Fla. 1995) (circuit court functions as an appellate court when reviewing local administrative action); City of Kissimmee v. Grice, 669 So.2d 307, 308 (Fla. 5th DCA 1996), quoting DeGroot v. Sheffield, 95 So.2d 912, 915 (Fla. 1957) (certiorari is in the nature of an appellate process, as it is a method to obtain review rather than a collateral assault). An appellate court cannot consider issues not presented or addressed by the lower tribunal and not presented as issues for review. See Sirod, Inc. v. Lycouris, 667 So.2d 903 (Fla. 4th DCA 1996); Sparta State Bank v. Pape, 477 So.2d 3 (Fla. 5th DCA 1985).
[18] Hollywood Beach Hotel Co. v. City of Hollywood, 329 So.2d 10 (Fla. 1976) (equitable estoppel precludes city from exercising zoning power where property owner (1) in good faith (2) upon some act or omission of the government (3) has made some substantial change in position or incurred extensive obligations and expenses so that it would be highly inequitable and unjust to destroy the right acquired).
[19] See, e.g., Sparta State Bank v. Pape, 477 So.2d 3 (Fla. 5th DCA 1985) (appellate court cannot consider issues not presented below).
[20] See, e.g., City of Dania v. Florida Power & Light, 718 So.2d 813 (Fla. 4th DCA 1998) (circuit court order quashing city's denial of special exception fails to include specific findings and reasons for conclusions, hampering review).