ON MOTION FOR REHEARING GRANTED

FLETCHER, Judge.
Turnberry Isle Condominium Association, Inc. [Association] challenges the commercial use by Florida Pritikin Center, Inc. [Pritikin] of property which is part of a luxury residential development. We affirm the trial court’s decision which determined that Pritikin’s use of the property is not in violation of the City’s zoning ordinances.
The trial court’s final order reads in pertinent part:
“3. The City of Aventura acted fully in accordance with the applicable law and regulations when it issued Florida Pritikin the certificate of use and occupational licenses necessary to operate its business at the location formerly operated by the Turnberry Country Club;
4. The City of Aventura also acted lawfully when, after adopting its own zoning code, it recognized Pritikin’s ex *935 isting use and ‘grandfathered’ it in as a lawful nonconforming use.
5. Pritikin’s operations have not so altered the nature and character of the use of the property to render Pritikin in violation of Aventura’s determination that it is a legal nonconforming use;
6. The City of Aventura did not deny Plaintiff due process of law when it issued the certificate of use and occupational licenses to Pritikin. Under both the Dade County Code and the Aventu-ra LDRs, notice is not required before issuing certificates of use and occupational licenses and permits. Aventura Ordinance 97-15 adopts and slightly modifies § 33-310 of the Dade County Code, which implements public notice and hearing procedures for building and zoning actions. These requirements extend to applications filed under Dade County Code §§ 33-304, 33-309 and 33-314. There is no requirement for notice and hearing before occupational licenses and certificates of use are issued; and
7. The City of Aventura’s determination that Florida Pritikin’s use and occupation of the property is zoning compliant is to be given some deference under de novo review. The City’s determination should not be disturbed and this Court will not substitute its judgment for that of the City. See Skagg[Skaggs]-Albertsons v. ABC Liquors, Inc., 363 So.2d 1082, 1091 (Fla.1978); City of Miami Beach v. Prevatt, 97 So.2d 473 (Fla.1957); City of Boca Raton v. Boca Villas Corp., 371 So.2d 154, 159 (Fla. 4th DCA 1979).
IT IS THEREFORE ORDERED AND ADJUDGED that Final Summary Judgment .is entered in favor of defendants City of Aventura, Turnberry Country Club and Florida Pritikin, and against Plaintiff Turnberry Isle Condominium Association, Inc. as to Count IV of Plaintiffs Fourth Amended Complaint, alleging a violation of zoning. Count IV is dismissed with prejudice.”
We have concluded that the positions taken by all parties are reasonable, thus we are required to give deference to the City’s determination of zoning compliance.[1]
Accordingly the trial court’s final order is affirmed.

. See Citrus County v. Florida Rock Indus., 726 So.2d 383 (Fla. 5th DCA 1999) and cases cited therein at 386 n. 15.