937 So.2d 758 (2006)
STATE of Florida DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
Jason TRAUTH, and Luis Llamas, Respondents.
No. 3D06-1724.
District Court of Appeal of Florida, Third District.
September 6, 2006.
Judson M. Chapman, General Counsel, and Thomas C. Mielke, Assistant General Counsel, for petitioner.
Michael A. Catalano, Miami, for respondents.
Before COPE, C.J., and RAMIREZ and ROTHENBERG, JJ.
COPE, C.J.
The question before us is whether the circuit court appellate division ("appellate division") may grant certiorari and quash *759 an administrative decision without providing a statement of reasons for doing so. We conclude that the answer is no. The appellate division must issue a reasoned opinion when overturning an administrative order.
The underlying administrative proceedings were separate cases involving the suspension of the driving privileges of respondents Jason Trauth and Luis Llamas. Trauth and Llamas each requested a formal administrative hearing pursuant to section 322.2615, Florida Statutes. The hearing officer upheld the suspension in each case.
Trauth and Llamas each filed a petition for writ of certiorari in the appellate division seeking to overturn the ruling of the hearing officer. Because the two petitions raised the same legal issue, the appellate division consolidated the proceedings.
After oral argument, the appellate division rendered an opinion which states in its entirety:
(PER CURIAM). GRANTED. Petitioner's motion for appellate attorney's fees is granted pursuant to Fla. R.App. P. 9.400, the amount to be adjudicated by a duly designated judge of the county court.
Opinion, June 6, 2006.
The Department of Highway Safety and Motor Vehicles filed a motion for clarification requesting a written opinion explaining the reasons for quashing the decision of the hearing officer. In a motion for rehearing or clarification, Trauth and Llamas joined that request. The appellate division denied the motions without explanation.
The Department has filed a petition for writ of certiorari in this court, seeking to quash the decision of the appellate division. The petition is well taken.
The appellate division departed from the essential requirements of law because it quashed the decisions of the lower tribunalin this case, the decisions of the hearing officerwithout any statement of reasons for doing so.
This court has previously explained that the appellate division cannot issue what amounts to a "Per Curiam Reversal," that is, a reversal without written opinion. In Kates v. Millheiser, 569 So.2d 1357 (Fla. 3d DCA 1990), this court said:
First, it is the responsibility of the appellate courts to guide the trial courts as to questionable procedures or rulings. A per curiam reversal opinion does not give the trial judge any guidance as to how to correct the supposed error which was the basis of the reversal.
Second, to the extent that the reversal relates to evidentiary matters, it fails to place the trial lawyers on notice as to what issues are open for retrial.
Finally, the need for an appellate court to announce the reason for a reversal is essential to the integrity of the judicial process. It is important for litigants and the public to recognize that determinations develop as the result of a fair and just reasoning process as opposed to perceiving judicial decisions as unjustified and arbitrary. Ultimately, it is the responsibility of the judiciary to maintain the integrity of the legal system by ensuring that the judgment processes in the appellate system involve scholarly and fair deliberations which are open for the public to view. (FN 1) When a case is appealed, the judgment under review is clothed with a presumption of correctness. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979); Department of Transportation v. Morehouse, 350 So.2d 529 (Fla. 3d DCA 1977), cert. denied, 358 So.2d 129 (Fla.1978). If the appellate court *760 per curiam affirms the trial court decision, this means that the appellant failed to rebut the presumption of correctness, but still leaves the parties with the knowledge as to why the final judgment was reached.
However, in the situation where an appellate court per curiam reverses a final order or judgment, without an opinion, neither party is apprised of why that particular legal result was reached. Specifically, the parties are entitled to know exactly why the result reached at the trial level, which was presumed to be correct, was set aside by the appellate court.
It is for this reason that we find paramount among the responsibilities of an appellate court, the responsibility of writing opinions in all reversals and remands. See Whipple v. State, 431 So.2d 1011, 1015 (Fla. 2d DCA 1983) ("We write opinions in all reversals and remands"). In the interests of propriety and fairness, litigants cannot be left to wallow in a sea of confusion as to the rationale supporting a legal result.
. . . .
(FN1.) As stated by one commentator:
In the broader view, appellate justice can be the last best effort of our government and our law to gain the respect and acceptance of the people. Appellate justice should be a model for the government's dealings with citizens. Appellate courts are the most dignified and receptive authorities to which individuals can turn to express their legal dissatisfactions in a pointed way, with assurance of a direct response. If these courts do not deal justly with litigants, we cannot expect agencies or bureaucracies of lesser sensitivity to legal rights to do so. It is therefore important that justice on appeal be visible to all.

Carrington, Meador & Rosenberg, Preface to Justice on Appeal at v (1976) [emphasis in original].
Id. at 1358. See also City of Kissimmee v. Grice, 669 So.2d 307, 308-09 (Fla. 5th DCA 1996); Campbell v. Vetter, 375 So.2d 4, 5 (Fla. 4th DCA 1979).
The same principles apply here. As they did below, Trauth and Llamas concede that the appellate division should have issued an opinion.
We conclude that the appellate division departed from the essential requirements of law such that the granting of certiorari is called for in this case. See Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889-91 (Fla.2003); City of Kissimmee v. Grice, 669 So.2d at 308-09; Kates v. Millheiser, 569 So.2d at 1358.
For the stated reasons, we quash the decision of the circuit court appellate division and remand the matter for further proceedings consistent herewith.
Certiorari granted.